■ JOHN ORDONEZ, an Infant, by His Father and Natural Guardian, ELOY ORDONEZ, et al., Appellants, v LONG ISLAND

RAILROAD COMPANY, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County (Berkowitz, J.), entered December 1, 1983, which dismissed the complaint at the close of their case for failure to establish a prima facie case.

Judgment affirmed, with costs.

This action arises out of an accident which occurred on June 18, 1974, when the infant plaintiff John Ordonez made contact with an electrified third rail while holding a metal bar. As such, liability is governed by the contributory negligence rule (see, CPLR 1413), and plaintiffs are thus barred from recovery if the infant plaintiff's actions were at all contributorily negligent.

The record clearly reflects two distinct acts of negligence committed by the infant plaintiff which were substantial factors in causing his injury, and Trial Term properly concluded that plaintiffs are therefore barred from recovery against the defendant railroad.

The infant plaintiff, a 10-year-old boy, ventured onto the railroad tracks through an opening in the fence abutting the tracks. At trial, he admitted that he knew he was not supposed to play on or near the railroad tracks because of the inherent dangers. At the direction of another youth, the infant plaintiff connected a metal bar to the electrified third rail, despite his irrefutable knowledge that such an act would inevitably cause an explosion. In light of his admitted knowledge and appreciation of the dangers associated with his actions, the court did not err in concluding that the infant plaintiff's contributory negligence barred recovery.

We further find that a lack of proximate cause also warranted the court's dismissal of plaintiffs' complaint for failure to establish a prima facie case. After entering through a disrepaired fence, the infant plaintiff, prior to the accident, reached the train station platform, an area readily accessible to the public. There, the infant plaintiff was in a place of absolute safety, and was free to embark to the street level via the passenger stairway. Instead, he descended from the platform to the tracks, whereupon the accident in question occurred.

In establishing a prima facie case, a plaintiff must show that the defendant's act "was a substantial cause of the events which produced the injury" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Mack v Altmans Stage Light. Co., 98 AD2d

468, 470). Once established, a chain of causation may still be broken by an intervening act, which will constitute a superseding cause which relieves defendant of liability when "the act is of such an extraordinary nature or so attenuates defendant's [conduct] from the ultimate injury that responsibility * * * may not be reasonably attributed to the defendant" (*Kush v City of Buffalo,* 59 NY2d 26, 33; *Mack v Altmans Stage Light. Co., supra,* at p 471).

Once the infant plaintiff was safely on the station platform, which was accessible to the public generally, defendant's alleged negligence in failing to properly maintain the fence became sufficiently attenuated from the injuries complained of so as to sever the chain of causation necessary to establish proximate cause. Even a negligent defendant cannot be held liable if the accident would have occurred absent his negligence because the required element of causation is then lacking (*see, Iacurci v Lummus Co.,* 340 F2d 868, *vacated on other grounds* 387 US 86). Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.