■ Joshua Wagshall, Respondent, v Marlene E. Wagshall, Also Known as Marlene E. Pavell, et al., Defendants, and Madeleine Borg Counseling Services et al., Appellants. —In an action to recover damages for personal injuries, the defendants Madeleine Borg Counseling Services, the Jewish Board of Family and Children's Services, Pinchas Berger, Ursula Thunberg and Nancy English appeal from so much of an order of the Supreme Court, Kings County (Duberstein, J.), entered March 21, 1988, as denied their motion to dismiss the amended complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the amended complaint is dismissed insofar as asserted against the defendants-appellants, and the action as against the remaining defendants is severed.

For several months during 1985 the plaintiff Joshua Wagshall and his wife, the defendant Marlene Eva Pavell Wagshall, sought counseling from the defendants-appellants until October or November of that year. On August 1, 1985 the plaintiff and his wife, along with employees of the defendant Madeleine Borg Counseling Services signed an agreement whereby they promised, as "a condition of remaining in treatment," to "stor[e] all of their firearms in an inaccessable [sic] place".

On July 29, 1986, some 7 to 8 months after their treatment with the defendants-appellants had terminated, Mrs. Wagshall shot and injured the plaintiff.

The plaintiff commenced suit against, inter alia, the defendant counseling agency and its employees, alleging that their negligent treatment of himself and his wife had caused his injuries, and further charging that they had negligently failed to detain and/or control the defendant wife and to warn or apprise the plaintiff of the danger she posed to him. The complaint sought both compensatory and punitive damages.

Following the denial of their motion to dismiss the amended complaint for failure to state a cause of action, the above-named defendants appealed, contending that: (1) in the circumstances of the instant case they were under no duty to either control Mrs. Wagshall or to warn the plaintiff; (2) the plaintiff failed to state a cause of action in failing to specify how the allegedly negligent counseling of himself and his wife proximately caused his injuries; and (3) the plaintiff's claim for punitive damages was not warranted by the facts alleged. We agree with these contentions and therefore reverse and dismiss the amended complaint as against the defendants-appellants.

It is firmly established that absent a special relation between an actor and a third person, there is no duty to control the conduct of that third person so as to prevent him from causing physical harm to another (see, Purdy v Public Adm'r of County of Westchester, 72 NY2d 1; D'Amico v Christie, 71 NY2d 76; Restatement [Second] of Torts §§ 315-319). Liability has been found only "where the defendant had the ability to control the actions of a person known to be violent" (Aberna-

*thy v United States,* 773 F2d 184, 189). In a voluntary out-patient treatment setting, a defendant clinic has been held to have no duty to control its patient's conduct *(Cartier v Long Is. Coll. Hosp.,* 111 AD2d 894; *see also, Purdy v Public Adm'r of County of Westchester, supra).* It is therefore apparent that in the instant case, the defendants-appellants had no duty to control or restrain Mrs. Wagshall, a voluntary out-patient client who had not visited their facility for several months prior to the shooting. In the absence of such a duty, there could be no breach thereof, and consequently, no liability to the plaintiff.

Nor did the defendants-appellants have a duty to warn the plaintiff of his wife's violent propensities, as he was well aware of his peril, having been attacked by his wife on prior occasions *(see, Hinkelman v Borgess Med. Center,* 157 Mich App 314, 403 NW2d 547). Indeed, the plaintiff concedes in his complaint that his wife tried to shoot him on June 22, 1986, some five weeks before the assault complained of in this action. Inasmuch as the plaintiff concedes that he had actual notice of the danger, it is clear that even if the defendants-appellants had a duty to warn him, the breach thereof could not be considered a proximate cause of his injuries *(Matter of Estate of Votteler,* 327 NW2d 759 [Iowa]; *cf., Tarasoff v Regents of Univ. of Cal.,* 131 Cal Rptr 14, 551 P2d 334). Accordingly, the fifth cause of action, alleging failure to control and failure to warn, must be dismissed.

The fourth cause of action, charging that the defendants-appellants' negligent professional treatment of the plaintiff and his wife resulted in the plaintiff's injuries, also warrants dismissal. The plaintiff has failed to indicate in what manner the agreement signed by the Wagshalls and the individual defendants-appellants on August 1, 1985, wherein the Wagshalls promised to store their firearms in an inaccessible place as a condition of their continued treatment, constituted either negligence or a substantial cause of the shooting that occurred on July 29, 1986, several months after the termination of their treatment by the defendants-appellants *(Derdiarian ·v Felix Contr. Corp.,* 51 NY2d 308, *rearg denied* 52 NY2d 784). Indeed, where both the plaintiff and his wife disregarded the defendants-appellants' sound advice and maintained firearms in their home, despite the plaintiff's knowledge of his wife's violent proclivities, any purported negligence on the defendants-appellants' part was rendered "sufficiently attenuated from the injuries complained of so as to sever the chain of causation necessary to establish proximate cause" *(Ordonez v*

*Long Is. R. R. Co.,* 112 AD2d 923, 925). The fourth cause of action should therefore be dismissed.

Finally, in view of the absence of any allegation that the defendants-appellants' conduct was characterized by bad faith, moral culpability, reprehensible motives or gross recklessness amounting to a danger to the public, the plaintiff's claim for punitive damages must likewise be dismissed *(Gravitt v Newman,* 114 AD2d 1000). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.