■ Mary A. Ryan et al., Respondents, v City of New York, Respondent-Appellant, and Welsbach Electric Corporation, Appellant-Respondent, et al., Defendant.—Order and judgment of the Supreme Court, Bronx County (Alan J. Saks, J.), entered on December 28, 1989 and January 10, 1990, respectively, which, *inter alia,* denied a motion by the City of New York for full indemnification, set aside a jury verdict in favor of plaintiff, and ordered a new trial limited to the issue of comparative fault, unanimously modified, on the law, to the extent of granting the motion for contractual indemnification, and otherwise affirmed, without costs.

Plaintiff-respondent Mary Ann Ryan allegedly fell as she stepped off the curb of a City street into a pothole. She claims to have suffered a multiple fracture of her left hand resulting from the fall, which allegedly occurred on December 16, 1983. Her husband also asserts a claim for loss of services. Defendant Welsbach Electric Corporation had performed excavation, electrical and street restoration work in the area under a contract with the City of New York, which work was to commence in July 1981. The complaint alleges that the street restoration work was performed in a negligent manner and that the City failed to detect and correct the allegedly unsafe condition.

The jury returned a verdict of $1,000,000 in favor of Mary Ann Ryan and $30,000 to her husband. The jury apportioned fault as follows: 22.5% for Welsbach; 62.5% for the City; and 15% for plaintiff.

On post-trial motions, the Trial Court ordered a new trial on the apportionment of fault. Plaintiff Mary Ann Ryan stipulated to a reduction of damages to $600,000 to avoid a new trial on damages as well.

The dispositive issue on this appeal is whether the City is entitled to full indemnification from Welsbach. We hold that the City is entitled to full indemnification from Welsbach pursuant to the indemnification clause in its contract. That clause, contained in Article 7 of the contract, provides: "If the persons or property of others sustain loss, damage or injury resulting from the negligence or carelessness of the Contractor, or his subcontractors, in their performance of this contract, or from his or their failure to comply with any of the

provisions of this contract or of law, the Contractor shall indemnify and hold the City harmless from any and all claims and judgments for damages and from costs and expenses to which the City may be subjected or which it may suffer or incur by reason thereof."

We have held in cases involving substantively identical indemnification provisions that the City is entitled to full indemnification, despite the existence of negligence on the City's part. *(See, Kelly v M.C. Elec. Co.,* 68 AD2d 657, *cross appeal dismissed* 48 NY2d 634; *City of New York v Caristo Constr. Corp.,* 94 AD2d 688, *affd* 62 NY2d 819.) Therefore, the City is entitled to full indemnification pursuant to its contract with Welsbach. Concur—Murphy, P. J., Carro, Ellerin and Asch, JJ.