■ WILLIAM ROVINSKY et al., Respondents, v HISPANIDAD HOLIDAYS, INC., Appellant.—In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated March 14, 1990, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action was commenced to recover damages for personal injuries sustained by the plaintiffs when the motorcoach in which they were touring Spain careened off the road and overturned. The plaintiffs had purchased package tours from the defendant Hispanidad Holidays, Inc., after reading its advertising brochure. The complaint alleges negligence by the defendants in the ownership, operation, and control of the tour bus and driver, negligent hiring or supervision of the bus driver, breach of warranty in that Hispanidad represented that it would provide transportation and personnel in Spain, negligent misrepresentation, and fraud. Hispanidad's advertising brochure distributed to the public depicts a photograph of a deluxe tour bus bearing the Hispanidad name, with the caption "OUR MOTORCOACHES". The brochure further provided that the tours included "carefully chosen sightseeing

excursions and guides, plus experienced and friendly personnel to serve you both here and in our offices in Spain". The plaintiffs maintain that they relied on several representations in the defendant's brochure which led them to believe that Hispanidad Holidays owned and operated their own fleet of safe buses operated by their experienced staff in Spain.

The defendant moved for summary judgment dismissing the complaint on the ground that a disclaimer in its brochure provides that Hispanidad shall not be liable for any injuries connected with any transportation. The defendant also claimed that it never owned buses or employed staff in Spain, and that the subject tour bus was owned and operated by an independent contractor. As a result, the defendant argued that it could not be held liable as a matter of law because it had no control over the bus or its driver. The court denied the motion and the defendant appeals.

We find that among the triable issues of fact which preclude summary judgment in this case is whether the nature and content of the brochure circulated by the defendant to encourage the plaintiffs to purchase sightseeing tours in Spain were such as to constitute a holding out to the public which would estop it from disclaiming liability for the negligence of the independent contractor who owned and operated the subject bus (see, Fogel v Hertz Intl., 141 AD2d 375; Jacobson v Princess Hotels Intl., 101 AD2d 757; see also, Ahmad v Ennab, 158 AD2d 637). Further material issues of fact are whether Hispanidad acted in good faith in its advertising brochure, and whether the plaintiffs justifiably relied upon the information provided in the brochure (see, Winslow v Norstar Bank, 127 AD2d 759).

The Supreme Court also rejected the defendant Hispanidad's argument that it was entitled to summary judgment based on a fine print disclaimer on the last page of the brochure, whereby Hispanidad denied liability for any injuries sustained in connection with ground transportation provided by independent contractors. The court concluded that the defense of disclaimer should have been pleaded as an affirmative defense (see, CPLR 3018 [b]; see, e.g., Wiener v British Overseas Airways Corp., 60 AD2d 427). The defendant's remedy is to move to amend its answer to include such as an affirmative defense (see, Raoul v Olde Vil. Hall, 76 AD2d 319, 333). It was therefore premature to address the issue (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:21, C3018:22, at 161-163). Thompson. J. P., Harwood, Rosenblatt and Eiber, JJ., concur.