■ WILLIAM KING, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY BOARD OF EDUCATION et al., Appellants.—Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered May 31, 1991, awarding plaintiff $475,855 upon a jury verdict which, *inter alia,* found for plaintiff in the amount of $117,600 on his claim for future loss of earnings and apportioned liability 30% as against defendant Caldwell Farms, and granting defendant New York City Board of Education full indemnification against defendant Caldwell Farms, unanimously affirmed, with costs.

We find that defendant New York City Board of Education is entitled to full indemnification against defendant Caldwell Farms pursuant to the indemnification and hold harmless clauses in their contract, despite the existence of negligence on its part *(see, Ryan v City of New York,* 175 AD2d 780, *lv denied* 79 NY2d 757).

Based upon the testimony of plaintiff and a school aide, the jury could rationally conclude that plaintiff injured his knee as a result of slipping on milk spilled by defendant Caldwell during its morning milk delivery to the school.

The admission of the photographs complained of cannot be said to be prejudicial since they did not depict milk on the vestibule floor where plaintiff claims he slipped. Nor was it error to introduce the deposition testimony of Caldwell's office manager to the effect that he observed milk leakage in Caldwell's delivery trucks, it being within the province of the jury to find that Caldwell should have known that its practices created a strong likelihood of injury *(see, Henderson v Waldbaums,* 149 AD2d 461). In any event, testimony demonstrating that "the condition which led to the accident was recurrent, so as to place defendant on constructive notice of the dangerous condition," is admissible *(Bronx County Pub. Adm'r v New York City Hous. Auth.,* 182 AD2d 517).

Caldwell's challenge to the court's charge concerning its negligence is unpreserved, since the court gave a supplemental instruction to which Caldwell made no objection (CPLR 4110-b, 5501 [a] [3]). In any event, taken as a whole, the charge was well-balanced and proper.

The award of damages of $117,600 for future loss of earnings was supported by the evidence and did not deviate materially from what would be reasonable compensation

(CPLR 5501 [c]; *see, Johnston v Colvin,* 145 AD2d 846, 849). Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.