■ VINCENZA REYES et al., Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [656 NYS2d 379] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Price, J.), entered December 27, 1995, which, upon the granting of the respective motions of the New York City Transit Authority and the Board of Education of the City of New York made at the end of the plaintiffs' opening statement for judgment as a matter of law, is in favor of those defendants dismissing the complaint insofar as asserted against them.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the complaint insofar as it is asserted against the defendant New York City Transit Authority; as so modified, the judgment is affirmed, without costs or disbursements, the complaint is reinstated as against the defendant New York City Transit Authority, and the matter is remitted to the Supreme Court, Queens County, for trial.

The plaintiffs commenced this action against, among others, the New York City Transit Authority (hereinafter the Transit

Authority) and the Board of Education of the City of New York (hereinafter the Board) to recover damages for personal injuries suffered by the infant plaintiffs, high school students, who were stabbed while riding a Transit Authority train. The plaintiffs sought recovery upon the theory that the Transit Authority and the Board owed them a special duty to provide police protection on certain subway train cars during certain hours. This theory was premised upon the creation of a "Safe Passage" program by the New York City Transit Police in conjunction with the Transit Authority and the Board, whereby students were encouraged to ride home in certain designated subway train cars to which police officers would be assigned by the Transit Authority in order to provide for the safety of the students. The Board's participation in the program consisted of disseminating information about "Safe Passage" to students at schools. Essentially, the infant plaintiffs alleged that they followed the instructions which they received at school regarding the program, but that police protection was not provided by the Transit Authority on the designated train they boarded, thereby leading to the incident in which they were injured. After the plaintiffs' counsel recited the foregoing theory in his opening statement to the jury and made an additional offer of proof in connection therewith, the Supreme Court granted the motions of the Transit Authority and the Board to dismiss the complaint as against them. We now modify the judgment to reinstate the complaint as against the Transit Authority.

We agree with the plaintiffs that dismissal as against the Transit Authority was improper since the foregoing allegations arguably set forth a tenable claim premised on the existence of a special duty on the part of that defendant. There is a question as to whether a special relationship existed between the Transit Authority and the infant plaintiffs pursuant to which the Transit Authority undertook an obligation to provide adequate police protection for particular students on some of its trains (see generally, Cuffy v City of New York, 69 NY2d 255). Given the limited record, the complaint should not have been dismissed against the Transit Authority at this stage of the action (see, De Vito v Katsch, 157 AD2d 413).

However, the dismissal as against the Board was in all respects proper. The opening statement, pleadings, and other material in the record failed to establish the existence of any special duty on the part of the Board to provide for the protection of the infant plaintiffs while they were passengers on Transit Authority trains. Rather, the Board at most acted as a mere

conduit in passing along to its students the "Safe Passage" information which it received from the Transit Authority. Since there is no indication of a breach of any duty owed by the Board to the plaintiffs, the dismissal of the complaint as against the Board following the plaintiffs' opening statement and offer of proof was appropriate (*see, Fuller v New York City Bd. of Educ.*, 206 AD2d 452; *McLoughlin v Holy Cross High School*, 135 AD2d 513; *Perretti v City of New York*, 132 AD2d 537).

Our dissenting colleagues' reliance on *Heard v City of New York* (82 NY2d 66) is misplaced, since that case in fact supports dismissal of the complaint as to the Board of Education. In this case, like *Heard*, "[t]he issue is causality—in short, not what defendant could have prevented but what defendant proximately caused by inducing reliance" (*Heard v City of New York, supra*, at 72). It is clear in this case that the element of safety in the "Safe Passage" program was not to be supplied by the Board of Education, but by the Transit Authority in assigning additional police to certain subway cars. Accordingly, any reliance placed on the announcements by the injured plaintiffs would only be reasonable with respect to the Transit Authority (*see, Heard v City of New York, supra*, at 74). Ritter, J. P., Copertino and Sullivan, JJ., concur.

Goldstein, J., concurs in part and dissents in part and votes to reverse the judgment appealed from, and to reinstate the complaint in its entirety, with the following memorandum, in which Friedmann, J., concurs: In a civil action, the plaintiff has the right, but *not* the obligation, to make an opening statement (*see*, CPLR 4016; *De Vito v Katsch*, 157 AD2d 413, 415). Similarly, there is no provision in the CPLR for dismissal of a complaint based upon the plaintiff's opening statement. However, pursuant to CPLR 4401, the court can dismiss based upon the plaintiff's "admissions" which "conclusively" defeat any cause of action asserted (*see, De Vito v Katsch, supra*, at 417).

In the instant case it cannot be said that the plaintiffs' opening statement contained admissions which "conclusively" defeated any right of recovery. However, the majority holds that, after considering the "opening statement, pleadings, and other material in the record", the complaint must be dismissed insofar as it is asserted against the Board of Education of the City of New York (hereinafter the Board) for failure to state a cause of action, because the Board, in distributing information about the "Safe Passage" program, acted as a "mere conduit" of information.

The information in question included a pamphlet stating

that the "Safe Passage" program for riding the subways was created jointly by the New York City Transit Authority and the Board, and that, pursuant to that program: "Each train has three designated subway cars, at the rear of the train, to which a police officer is assigned". The pamphlet further stated that to take advantage of the "Safe Passage" program, students "must ride" in those cars.

That information was supplemented with a verbal announcement by the school principal that between 3:00 and 4:00 P.M. there would be a police officer on the last three cars of the G train, and that therefore students should ride in those cars at those times. Those times were not specified in the pamphlet.

The "mere" distribution of information can give rise to a cause of action sounding in negligent misrepresentation where the plaintiffs' reliance upon the information is foreseeable and the relationship between the plaintiffs and the defendant is such that " 'in morals and good conscience' " the plaintiff has the right to rely upon the defendant, and the defendant has a duty to exercise due care in distributing the information (*Heard v City of New York*, 82 NY2d 66, 74).

Further, the Court of Appeals has held that where one familiar with a hazard offers assurances of safety to one who is unfamiliar with the hazard and who foreseeably relies upon those assurances, "[t]here can be no doubt that a prima facie case is made out" (*Heard v City of New York, supra*, at 74). The majority notes that the issue is "not what the defendant could have prevented but what defendant proximately caused by inducing reliance" (*Heard v City of New York, supra*, at 72). In establishing causation, the infant plaintiffs have two theories of reliance available to them: the infant plaintiffs may either establish (1) that the Board's conduct placed them in a more vulnerable position than they would have been in had the Board done nothing, or (2) that the Board had a duty to them to impart correct information, and the infant plaintiffs' reliance was foreseeable (*see, Heard v City of New York, supra*, at 72-74).

Here the Board distributed a pamphlet in the infant plaintiffs' school directing students to ride on the last three cars of subway trains, and assuring them a police officer would be assigned to those cars. The Board represented that this program was created jointly by the New York City Transit Authority and the Board, from which one could infer that both defendants were vouching for the accuracy of the representations. Further, the school principal added to the representations made jointly with the New York City Transit Authority,

by affirmatively representing that there would be a police officer on the last three cars of the G train at a specified time: between 3:00 and 4:00 P.M.

These allegations raise a question of fact as to the existence of a special relationship between the infant plaintiffs and the Board, whereby the Board made an affirmative undertaking to impart correct information, upon which the infant plaintiffs relied, to their detriment (*see, Wenger v Goodell*, 220 AD2d 937, 938). Under such circumstances, the Board would have had a duty to exercise due care in making those representations (*see, Benz v Burrows*, 191 ADd 1021, 1022; *Rovinsky v Hispanidad Holidays*, 180 AD2d 673).

The plaintiffs also contend that, by riding in the last three cars at the time specified by the school principal, the infant plaintiffs were placed in a more dangerous position than they would have been if they rode in the same car as the motorman or conductor. Therefore, there is a question of whether the Board's conduct placed them in a more vulnerable position than they would have been in if the Board did nothing (*see, Heard v City of New York, supra*, at 72).

Under these circumstances, there is a legal basis under which the appellants may succeed. Thus, dismissal was not warranted (*see, De Vito v Katsch*, 157 AD2d 413, 418, *supra*).