ERNO LOWY et al., Respondents, v HEIMANN's BUS TOURS, INC., et al., Appellants. [658 NYS2d 452] —In an action to recover damages for personal injuries, etc., (1) the defendant Heimann's Bus Tours, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated May 28, 1996, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant Larose Autobus, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for the application of the substantive law of the province of Quebec, Canada, to the facts of this case, and, upon the application of the substantive law of Quebec, Canada, granting it summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the cross motion of the defendant Heimann's Bus Tours, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision granting that cross motion and dismissing the complaint insofar as asserted against the defendant Heimann's Bus Tours, Inc.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the action against the remaining defendants is severed.

The plaintiff Erno Lowy commenced the instant action to recover damages for personal injuries allegedly suffered when a bus in which he was a passenger was involved in an accident in the province of Quebec, Canada. The defendant Heimann's Bus Tours, Inc. (hereinafter Heimann's), the tour operator, which chartered the bus which was involved in the accident,

cannot be held liable for any alleged negligence on the part of the bus driver, as it had no control over the actual operation of the bus (*see, Chainani v Board of Educ.*, 87 NY2d 370; *Dorkin v American Express Co.*, 43 AD2d 877; *cf., Cohen v Heritage Motor Tours*, 205 AD2d 105). Heimann has therefore demonstrated its entitlement to summary judgment dismissing the complaint insofar as asserted against it as a matter of law.

The defendant Larose Autobus, Inc. (hereinafter Larose), also moved for summary judgment dismissing the complaint insofar as asserted against it, based on the application of the law of the province of Quebec. According to CPLR 4511 (b), "[j]udicial notice shall be taken" of certain matters, including "the laws of foreign countries or their political subdivisions", upon defined conditions. One of the conditions stated in this statute is that the party requesting that such notice be taken "[furnish] the court [with] sufficient information to enable it to comply with the request". This condition has not been met here. While the statute also provides for the discretionary taking of judicial notice of foreign laws, even in the absence of the fulfillment of the stated conditions, the circumstances of the present case do not warrant the exercise of this discretionary power (*see, Lerner v Karageorgis Lines*, 66 NY2d 479, 487; *see also, Shepardson v Town of Schodack*, 83 NY2d 894, 896, n). Larose has thus failed to demonstrate its entitlement to summary judgment dismissing the complaint insofar as asserted against it. Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.