■ NUJUAN TRANSON, an Infant, by his Mother and Natural Guardian, GERALDINE DAVIS, et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. [659 NYS2d 102] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Douglas, J.), entered July 24, 1996, which, upon a jury verdict in favor of the plaintiff on the issue of liability, is in favor of the plaintiff and against the defendant in the principal sum of $350,000 for past pain and suffering.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

On the morning of December 18, 1991, Linda Cheatham, a mathematics special education teacher, was in her classroom at John Jay High School preparing for class. The plaintiff, who was one of two students in the classroom at the time, was sitting near the only door to the room. Three teenagers, whom Ms. Cheatham had not seen before but believed were students at the school, appeared at the open door. The teenagers did not respond to Ms. Cheatham's inquiry as to why they were there. Rather, they asked the plaintiff, "[w]hat are you looking at?", and entered the classroom. A scuffle ensued wherein the plaintiff was stabbed in the abdomen. According to the

plaintiff, the entire incident lasted only a "few seconds". Sometime during the scuffle, prior to the stabbing, Ms. Cheatham left the classroom to secure assistance from someone in the Dean's office, which was next door. Ms. Cheatham testified that she returned to the classroom within ten seconds of having left.

The plaintiff thereafter commenced this action against the defendant alleging, *inter alia*, that Ms. Cheatham's failure to have taken further measures to eject the three teenagers and her failure to have adhered to internal safety guidelines were a proximate cause of his injuries. The internal safety guidelines provided, *inter alia*, that a teacher not "leave students unattended at any time" and "use a student monitor to summon assistance for a classroom emergency". At trial, the plaintiff presented the testimony of an expert who opined that, although physical intervention by Ms. Cheatham (who stood five feet, three inches tall) might not have been prudent, she should have gone in the direction of the three teenagers, demand that they leave instantly, and explain that if they did not she would call the Dean. Further, the expert opined, Ms. Cheatham's failure to strictly adhere to the safety guidelines, which were mandatory and allowed no room for any discretion on the part of a teacher, was error because her mere presence in the classroom as an authority figure would have prevented the attack from escalating. The plaintiff did not present any testimony as to what constituted a "student monitor" or as to whether such a party was present at the time of the attack. After deliberation, the jury awarded the plaintiff $350,000 in damages for past pain and suffering. We now reverse.

In view of the three teenagers' complete disdain for Ms. Cheatham's initial queries, challenge to their presence, and the speed with which the events at issue unfolded, we find that, even viewing the evidence in a light most favorable to the plaintiff, there was no valid line of reasoning and permissible inferences that would have led a rational jury to conclude that Ms. Cheatham's failure to have repeated her demands that the teenagers leave and/or her failure to have adhered to the school's internal safety guidelines was a proximate cause of the attack or its escalation (*see, Negri v Stop & Shop,* 65 NY2d 625; *Licari v Elliott,* 57 NY2d 230; *Cohen v Hallmark Cards,* 45 NY2d 493). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.