■ VASSILIKI TARNARAS et al., Respondents, v FARMINGDALE SCHOOL DISTRICT, Appellant. [694 NYS2d 413] —In an action to recover damages for personal injuries, etc., the defendant Farmingdale School District appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered July 9, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Vassiliki Tarnaras, the then-17-year-old plaintiff, was brutally attacked inside her home by her estranged boyfriend, Raymond Purvis, after she was let out of school on March 12, 1992. Approximately one month earlier, on February 10, 1992, the Nassau County District Court had issued an order of protection directing Purvis to stay away from the Tarnaras family. Despite this, Purvis stalked and harassed the infant plaintiff at her school and at other locations, in violation of the order of protection. The plaintiffs commenced actions against the County of Nassau (*see, Tarnaras v County of Nassau*, 264 AD2d 390 [decided herewith]), and the defendant Farmingdale School District (hereinafter the School District), alleging that the defendants failed to afford the plaintiffs the protections to which they were entitled pursuant to the order of protection. The Supreme Court denied the defendants' respective motions for summary judgment dismissing the complaint. On this appeal by the School District, we reverse.

Under appropriate circumstances a school may be held liable for injuries to students or teachers under a theory of premises liability (*see, Quinones v Board of Educ.*, 248 AD2d 696; *McDaniels v City of New York*, 234 AD2d 432; *Lande v New York*

*City Bd. of Educ.,* 222 AD2d 656; *Hirschman v City of New York,* 193 AD2d 581; *King v City of New York,* 186 AD2d 491). A school may also bear liability for injuries due to negligent supervision of its premises (*see, Bell v Board of Educ.,* 90 NY2d 944; *Phillipe v City of New York Bd. of Educ.,* 254 AD2d 339; *Johnson v New York City Bd. of Educ.,* 249 AD2d 370; *Transon v Board of Educ.,* 240 AD2d 728).

However, a school is not an insurer of the safety of its students (*Ohman v Board of Educ.,* 300 NY 306). In this regard, it is well settled that a school's duty of care is coextensive with, and concomitant to, its physical custody and control over a child (*see, Chainani v Board of Educ.,* 87 NY2d 370; *Pratt v Robinson,* 39 NY2d 554). "When that custody ceases because the child has passed out of the orbit of its authority in such a way that the parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases" (*Pratt v Robinson, supra,* at 560). As a result, where a student is injured off school premises, there can generally be no actionable breach of a duty that extends only to the boundaries of school property (*see, Harker v Rochester City School Dist.,* 241 AD2d 937; *Reyes v City of New York,* 238 AD2d 563; *Wenger v Goodell,* 220 AD2d 937; *Norton v Canandaigua City School Dist.,* 208 AD2d 282; *Bodaness v Staten Is. Aid,* 170 AD2d 637; *Griffith v City of New York,* 123 AD2d 830).

In the instant case, Tarnaras was brutally assaulted in her home, after the conclusion of the school day. A vicious and criminal attack was perpetrated against her within the comparative safety of her own home by a former boyfriend who persisted in his unwanted attentions (*cf., Bell v Board of Educ.,* 90 NY2d 944, *supra*). Under the circumstances of this case, as a matter of law, the School District may not be held liable for the plaintiffs' injuries. S. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.