■ SUSAN VON OHLEN, Appellant, v VLADIMIR PISKACEK et al., Respondents, et al., Defendants. [717 NYS2d 221] —In an action, *inter alia,* to recover damages for medical malpractice and negligence, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated May 4, 1999, as granted those branches of the motion of the defendant Vladimir Piskacek which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against him, and granted the separate motions of the defendants Daniel W. Schwartz and Eugene Becker for summary judgment dismissing the complaint insofar as asserted against them, and (2) from a judgment of the same court, dated July 12, 1999, which is in favor of the defendant Daniel Schwartz and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from so much of the order as granted the motion of the defendant Daniel Schwartz for summary judgment dismissing the complaint insofar as asserted against him is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs

The appeal from so much of the intermediate order as granted the motion of the defendant Daniel Schwartz for summary judgment dismissing the complaint insofar as asserted against him must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in favor of that defendant in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

It is well settled that to maintain an action to recover damages for medical malpractice, the existence of a doctor-patient relationship is necessary (*see, Heller v Peekskill Community Hosp.,* 198 AD2d 265; *Lee v City of New York,* 162 AD2d 34). In

the instant action, no such relationship existed between the plaintiff and the respondents. Accordingly, the Supreme Court did not err in dismissing the causes of action based on medical malpractice (*cf., Gilinsky v Indelicato,* 894 F Supp 86; *Heller v Peekskill Community Hosp., supra; Hickey v Travelers Ins. Co.,* 158 AD2d 112; *Cogswell v Chapman,* 249 AD2d 865). Moreover, the respondents Eugene Becker and Daniel Schwartz had no duty to warn the plaintiff of her husband's vicious tendencies. The plaintiff was well aware of those tendencies, because her husband had stabbed her on a previous occasion (*see, Adams v Elgart,* 213 AD2d 436, 438; *Wagshall v Wagshall,* 148 AD2d 445). Thus, the Supreme Court properly dismissed the plaintiff's negligence claims insofar as asserted against those respondents. O'Brien, J. P., Thompson, H. Miller and Schmidt, JJ., concur.