■ ELAINE CAPPELLO, Respondent, v ST. CHRISTOPHER'S—JENNIE CLARKSON CHILD CARE SERVICES, INC., Defendant and Third-Party Plaintiff-Appellant. ST. CHRISTOPHER'S—UNION FREE SCHOOL DISTRICT #12 OF THE TOWN OF GREENBURGH, Third-Party Defendant. [723 NYS2d 372] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered January 28, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the appellant, the motion is granted, and the complaint is dismissed.

The plaintiff, a teacher's aide employed by the third-party defendant St. Christopher's—Union Free School District #12 of the Town of Greenburgh (hereinafter the District), allegedly

sustained personal injuries as a result of a fight between two female students. The students were in the care of and resided at an adjacent facility of the defendant third-party plaintiff St. Christopher's—Jennie Clarkson Child Care Services, Inc. (hereinafter the Agency), a not-for-profit childcare agency which administers residential facilities for children with emotional and behavioral problems. The two students, who had been involved in an altercation on the way to school, were denied admission to school and returned to their residences to calm down. District personnel later permitted them to rejoin their classes. After their return to school, the two students began fighting, and after they were separated, a third student threw a chair which struck the plaintiff.

Contrary to the plaintiff's contentions, the Agency owed her no duty of care to protect her from harm caused by juveniles committed to its care during a time when the juveniles were in the physical custody and control of the District (*see, Santos v City of New York,* 269 AD2d 585; *Tarnaras v Farmingdale School Dist.,* 264 AD2d 391).

The plaintiff's remaining contentions are without merit. Santucci, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.