■ MICHAEL ARONOV et al., Respondents, v BRUINS TRANSPORTATION, INC., et al., Defendants, SGS TRAVELSCOPE, INC., Appellant, and FIRST EQUIPMENT FINANCE CORP. et al., Respondents. [742 NYS2d 389] —In consolidated actions to recover damages for personal injuries and wrongful death, the defendant SGS Travelscope, Inc., appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated October 24, 2000, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On December 24, 1998, a bus en route from Brooklyn to Atlantic City, New Jersey, with 22 passengers on board spun out of control on the Garden State Parkway, causing the death of eight passengers and injury to the other 14 passengers and the driver. The driver was employed by the defendant Bruins Transportation, Inc. (hereinafter Bruins), the lessee of the bus. The defendant SGS Travelscope, Inc. (hereinafter SGS) was the travel agent which retained Bruins for the Atlantic City bus trip.

SGS established its entitlement to summary judgment. "Where tour participants are transported by an independent contractor, the tour operator is not responsible for an accident which occurs due to the negligence of the independent contrac-

tor" (*Cohen v Heritage Motor Tours,* 205 AD2d 105, 107; *see Lowy v Heimann's Bus Tours,* 240 AD2d 548; *Dorkin v American Express Co.,* 43 AD2d 877). Here, the tour bus was owned and operated by an independent contractor. In opposition, the plaintiffs failed to raise a triable issue of fact that SGS's advertisements constituted a holding out to the public which would estop it from disclaiming liability for the alleged negligence of Bruins (*cf. Rovinsky v Hispanidad Holidays,* 180 AD2d 673). Prudenti, P.J., S. Miller, McGinity and Crane, JJ., concur.