■ ALAYNE C. HOWARD et al., Appellants, v PARSONS' CHILD AND FAMILY CENTER et al., Respondents. (And a Third-Party Action.) [761 NYS2d 381] —Peters, J. Appeals (1) from an order of the Supreme Court (Cobb, J.), entered March 8, 2002 in Columbia County, dismissing the complaint at the close of plaintiffs' case, and (2) from the judgment entered thereon.

Plaintiff Alayne C. Howard (hereinafter plaintiff) was a teacher in third-party defendant Germantown Central School District (hereinafter GCSD). Defendant Anthony Ciccarelli, born in 1987, was a special needs student classified as emotionally disturbed. In the fall of 1994, Ciccarelli was placed with a therapeutic foster parent in the GCSD by defendant Parsons' Child and Family Center (hereinafter Parsons). Susan Thompson, an education specialist at Parsons, testified that she oversees the educational component of the Parsons program and serves as a communication link with the schools. Upon learning that Ciccarelli was to be attending a school in the GCSD, Andrew Doro, director of personnel services and chair of the GCSD's Committee on Special Education (hereinafter CSE), began his search for an appropriate placement. By such time, Ciccarelli had already become physically aggressive with Parsons' staff members. Parsons did not communicate this information to the GCSD believing that such information was confidential.

When Ciccarelli's second grade placement in the GCSD proved unsuccessful, Thompson attended a CSE meeting where it was decided that Ciccarelli should be moved to plaintiff's first grade classroom in the same school with a full-time aide. In January 1995, Ciccarelli was so placed and Peter Pasco was hired as his one-on-one aide. Pasco testified that there were numerous instances of violent or aggressive conduct by Ciccarelli, which he communicated daily to appropriate school officials. Pasco also wrote a letter to Doro, dated February 9, 1995, informing him of a "new concern" which was Ciccarelli's "tendency to turn to violence in adverse situations."

On March 6, 1995, plaintiff was escorting her students back to her classroom when she noticed that Ciccarelli was missing. While returning him to the classroom, Ciccarelli grabbed plaintiff's wrists and slammed her head against a metal door jam. Plaintiff, and her husband derivatively, commenced this action against Parsons, Ciccarelli and Pasco alleging

negligence.[1] Supreme Court granted Pasco's motion for summary judgment and held a jury trial on the remaining claims against Parsons and Ciccarelli. At the close of plaintiff's proof, Supreme Court granted Parsons' motion to dismiss.[2] Plaintiff appeals.

In reviewing a motion for a directed verdict, the evidence must be viewed in a light most favorable to the nonmovant, according it every favorable inference. If " 'there is no rational process by which a jury could find for the nonmoving party' " (*Fontanas v Wilson*, 300 AD2d 808, 808 [2002], quoting *Clemente v Impastato*, 274 AD2d 771, 773 [2000]), the motion should be granted.

First addressing whether Parsons was negligent in failing to warn the GCSD of Ciccarelli's prior violent behavior—a warning which plaintiff claims would have influenced Ciccarelli's placement—Supreme Court correctly noted that, pursuant to Education Law § 4402, Parsons did not have any authority to determine Ciccarelli's placement. It was a function of the GCSD based upon the recommendation of its CSE; Thompson confirmed that she was not an official member of the CSE, playing only an advisory role. Doro testified similarly.

We acknowledge that a child care agency acting in loco parentis with regard to a foster child may be under a duty to control the child's behavior to prevent harm to others (*see DiCarlo v City of New York*, 286 AD2d 363, 364-365 [2001]). Yet, "[s]chools are under a duty to adequately supervise the students in their charge and * * * will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Druba v East Greenbush Cent. School Dist.*, 289 AD2d 767, 767-768 [2001]). While Supreme Court correctly determined that Parsons, despite being an entity in loco parentis, did not have a duty to protect plaintiff during the time that Ciccarelli was in the physical custody and control of the GCSD (*see Cappello v St. Christopher's—Jennie Clarkson Child Care Servs.*, 282 AD2d 566, 567 [2001]; cf. *Bertrand v Board of Educ. of City of N.Y.*, 272 AD2d 355, 355 [2000], lv denied 95 NY2d 760 [2000]; *Tarnaras v Farmingdale School Dist.*, 264 AD2d 391, 392 [1999]), plaintiffs claim that the aforementioned principles are inapplicable where there is a failure to warn of aggressive propensities.

---

1. Parsons thereafter commenced a third-party action against the GCSD and its board of education.

2. That determination triggered the dismissal of Parsons' third-party action against the third-party defendants.

We disagree since plaintiffs failed to establish that Parsons' negligence was "a substantial cause of the events which produced the injury" (*Grover v Town of Montour*, 252 AD2d 859, 860 [1998]; *see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520 [1980]; *Ordonez v Long Is. R.R. Co.*, 112 AD2d 923, 924 [1985]). Ciccarelli's behavioral issues were immediately identified through the informal evaluation conducted by a GCSD psychologist prior to his first placement. Once placed, his behavioral issues became evident and notification was made to both the GCSD and Doro. After his placement in plaintiff's classroom, Ciccarelli's "violent behavior" was repeatedly brought to Doro's attention by both Pasco's letter and his daily reports. For these reasons, Supreme Court properly concluded that Parsons' failure to have notified or warned the GCSD of Ciccarelli's behavior was not a proximate cause of plaintiff's injuries (*see von Ohlen v Piskacek*, 277 AD2d 375, 376 [2000]; *Adams v Elgart*, 213 AD2d 436, 438 [1995]; *Wagshall v Wagshall*, 148 AD2d 445, 447 [1989], *appeal dismissed and lv denied* 74 NY2d 781 [1989]).

Next addressing plaintiffs' evidentiary challenges, we find, after considering the grounds for the preclusion and limitation of testimony, that the errors, if any, are harmless (*see Laguesse v Storytown U.S.A.*, 296 AD2d 798, 801 [2002]). Nor do we find merit in the claim of prejudice predicated upon questioning concerning plaintiff's acquisition of school records since they are moot.

Having reviewed and rejected all remaining contentions as without merit, we affirm.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, with costs.