Ren Yao v World Wide Travel of Greater N.Y., Ltd. (2024 NY Slip Op 01945)

Ren Yao v World Wide Travel of Greater N.Y., Ltd.

2024 NY Slip Op 01945

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2018-01975
 (Index Nos. 10718/11, 14132/11, 28853/11, 202/12, 6545/12, 9152/12, 9473/12, 24432/12, 4238/13, 4244/13, 4677/13, 501189/13, 501206/13, 501224/13, 945/14, 6719/15)

[*1]Ren Yao, et al., plaintiffs-appellants, 
v
World Wide Travel of Greater New York, Ltd., et al., defendants- appellants, Webster Trucking Corp., et al., respondents, et al., defendants. (Action No. 1)
Kin Chai Mock, et al., plaintiffs-appellants,World Wide Tours of Greater NY, Ltd., etc., et al., defendants- appellants, Webster Trucking, et al., respondents, et al., defendants. (Action No. 2)
Yuke Chue Lo, plaintiff-appellant, 
v
World Wide Tours of Greater NY, Ltd., et al., defendants-appellants, Webster Trucking Corp., et al., respondents, et al., defendants. (Action No. 3)
Nga Duong, etc., et al., plaintiffs-appellants,
v
World Wide Travel of Greater New York, Ltd., et al., defendants-appellants, Sunflower Express, Inc., et. al., respondents. (Action No. 4)
Sze Wan Wong, etc., plaintiff-appellant, 
v
World Wide Travel of Greater New York, Ltd., et al., defendants-appellants, Webster Trucking Corp., et al., respondents, et al., defendants. (Action No. 5)
Lai Yuk Yip, plaintiff-appellant,
v
World Wide Travel of Greater New York, Ltd., et al., defendants-appellants, Webster Trucking Corp., et al., respondents, et al., defendants. (Action No. 6)
Rong Lin, etc., et al., plaintiffs-appellants, 
v
World Wide Travel of Greater New York, Ltd., et al., defendants-appellants, Webster Trucking Corp., et al., respondents, et al., defendants. (Action No. 7)
[*2]
Patrick Lee, etc., plaintiff-appellant, 
v
World Wide Travel of Greater NY, Ltd., et al., defendants-appellants, Webster Trucking Corp., et al., respondents, et al., defendants. (Action No. 8)
Winston Mei, etc., appellant, 
v
Webster Trucking Corp., et al., respondents. (Action No. 9)
Florence Wong, etc., appellant,
v
Webster Trucking Corp., et al., respondents. (Action No. 10)
Charles Yeh, etc., appellant,
v
Webster Trucking Corp., et al., respondents. (Action No. 11)
Jenny Ng, etc., et al., appellants, 
v
Great Escapes Tours & Travel, Ltd., et al., defendants, Webster Trucking Corp., et al., respondents. (Action No. 12)
Jack Eng, etc., appellant, 
v
Webster Trucking Corp., et al., respondents. (Action No. 13)
Victor Salinas, etc., et al., appellants, 
v
Great Escapes Tours & Travel, Ltd., et al., defendants, Webster Trucking Corp., et al., respondents. (Action No. 14)
Erold Jean Marie, et al., appellants,
v
Webster Trucking Corp., et al., respondents. (Action No. 15)
Yu Ying Yang, etc., plaintiff-appellant, 
v
Ophadell Williams, et al., defendants-appellants, Webster Trucking Corp., et al., respondents, et al., defendants. (Action No. 16) (and other actions)

Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Brian J. Shoot of counsel), for appellant in Action No. 11, David P. Kownacki, P.C., New York, NY (Sullivan Papain Block McGrath & Cannavo, P.C. [Brian J. Shoot], of counsel), for plaintiffs-appellants in Action No. 1, Jacoby & Meyers, LLP, Newburgh, NY (Sullivan Papain Block McGrath Cannavo, P.C. [Brian J. Shoot], of counsel), for plaintiff-appellant in Action No. 3, Morelli Law Firm PLLC, New York, NY (Sullivan Papain Block McGrath & Cannavo, P.C. [Brian J. Shoot], of counsel), for plaintiff-appellant in Action No. 6 and plaintiffs-appellants in Action No. 7, William [*3]Schwitzer & Associates, P.C., New York, NY (Sullivan Papain Block McGrath & Cannavo, P.C. [Brian J. Shoot], of counsel), for plaintiff-appellant in Action No. 16, Steven E. North, P.C., New York, NY (Sullivan Papain Block McGrath & Cannavo, P.C. [Brian J. Shoot], of counsel), for plaintiffs-appellants in Action No. 2, Dankner Milstein, P.C., New York, NY (Sullivan Papain Block McGrath & Cannavo, P.C. [Brian J. Shoot], of counsel), for appellant in Action No. 13, Kelner & Kelner, New York, NY (Sullivan Papain Block McGrath & Cannavo, P.C. [Brian J. Shoot], of counsel), for appellant in Action No. 10, Rosemarie Arnold (Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY [Brian J. Shoot], of counsel), for appellants in Action No. 14, Caesar and Napoli, P.C., New York, NY (Sullivan Papain Block McGrath & Cannavo, P.C. [Brian J. Shoot], of counsel), for appellants in Action No. 12, and Subin Associates, LLP, New York, NY (Sullivan Papain Block McGrath & Cannavo, P.C. [Brian J. Shoot], of counsel), for appellants in Action No. 15 (one brief filed).
Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone and Stephenie L. Bross of counsel), for plaintiffs-appellants in Action No. 4.
Barasch McGarry Salzman & Penson, New York, NY (Dominique A. Penson of counsel), for plaintiff-appellant in Action No. 5.
Fong & Wong, P.C., New York, NY (David B. Horowitz of counsel), for plaintiff-appellant in Action No. 8.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Hoffman of counsel), for appellant in Action No. 9.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Patrick J. Lawless of counsel), for defendants-appellants.
Kennedys Law LLP (Kahana & Feld LLP, New York, NY [John F. Watkins], of counsel), for Webster Trucking Corp. and Joshua Alphonso Reid, respondents in Action Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16.
Mintzer Sarowitz Zeris Ledva & Meyers LLP, New York, NY (Kevin L. Kelly and Bennett Schechter Arcuri & Will LLP [Joel B. Schechter and Peter D. Cantone], of counsel), for Sunflower Express, Inc., respondent in Action No. 4.

DECISION & ORDER
In related actions, inter alia, to recover damages for personal injuries, etc., which were coordinated pursuant to 22 NYCRR 202.69, the plaintiffs in Action Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 separately appeal, and World Wide Travel of Greater New York, Ltd., World Wide Tours of Greater NY, Ltd., and Ophadell Williams, defendants in Action Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 16, appeal, from stated portions of an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated December 20, 2017. The order, inter alia, granted those branches of the motion of Webster Trucking Corp. and Joshua Alphonso Reid, defendants in Action Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, which were for summary judgment dismissing the complaints in Action Nos. 9, 10, 11, 12, 13, 14, and 15, the amended complaint in Action No. 8, the second amended complaints in Action Nos. 1, 2, 3, 4, 5, and 16, the third amended complaint in Action No. 6, and the fourth amended complaint in Action No. 7, insofar as asserted against them, and granted that branch of the motion of Sunflower Express, Inc., a defendant in Action Nos. 1, 2, 3, 4, 5, 6, 7, and 8, which was for summary judgment dismissing the second amended complaint in Action No. 4 insofar as asserted against it.
ORDERED that the appeal by World Wide Travel of Greater New York, Ltd., World Wide Tours of Greater NY, Ltd., and Ophadell Williams is dismissed, as those defendants are not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiffs in Action Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16; and it is further,
ORDERED that one bill of costs is awarded to Webster Trucking Corp. and Joshua Alphonso Reid, payable by the appellants appearing separately and filing separate briefs, and one bill of costs is awarded to Sunflower Express, Inc., payable by the plaintiffs in Action No. 4.
Multiple separate actions, inter alia, to recover damages for personal injuries arising out of a March 2011 bus accident on Interstate 95 in New York were commenced, and the actions were subsequently coordinated pursuant to 22 NYCRR 202.69. The plaintiffs in the coordinated actions alleged, among other things, that a bus operated by Ophadell Williams and carrying 31 passengers overturned, causing the deaths of 15 passengers and injuries to other passengers.
Webster Trucking Corp. and Joshua Alphonso Reid (hereinafter together the Webster defendants), defendants in Action Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, moved, inter alia, for summary judgment dismissing the complaints in Action Nos. 9, 10, 11, 12, 13, 14, and 15, the amended complaint in Action No. 8, the second amended complaints in Action Nos. 1, 2, 3, 4, 5, and 16, the third amended complaint in Action No. 6, and the fourth amended complaint in Action No. 7, insofar as asserted against them. The plaintiffs in Action Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 (hereinafter collectively the plaintiffs) opposed the Webster defendants' motion on the ground, among other things, that Williams asserted, at the scene of the accident and thereafter, that the bus swerved and crashed as a result of being cut off by a tractor-trailer operated by Reid. Sunflower Express, Inc. (hereinafter Sunflower Express), a defendant in Action Nos. 1, 2, 3, 4, 5, 6, 7, and 8, moved, inter alia, for summary judgment dismissing the second amended complaint in Action No. 4 insofar as asserted against it. In an order dated December 20, 2017, the Supreme Court, among other things, granted those branches of the Webster defendants' motion and that branch of Sunflower Express's motion.
The Supreme Court properly granted the subject branches of the Webster defendants' motion. The Webster defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of Reid, who testified that he was driving the tractor-trailer behind the bus at the time the accident occurred and did not cut off or strike the bus. The Webster defendants also submitted an affidavit from an expert who opined that based upon speed data collected from data modules on the bus and on the tractor-trailer driven by Reid, it would have been physically impossible for the tractor-trailer to have passed the bus at the time that Williams alleged the accident occurred.
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the Supreme Court properly determined that Williams's deposition testimony that the tractor-trailer operated by Reid caused the accident by cutting off the bus was incredible as a matter of law. Although credibility determinations are generally within the province of the trier of fact, "testimony which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, is to be disregarded as being without evidentiary value" (Loughlin v City of New York, 186 AD2d 176, 177 [internal quotation marks omitted]; see Price v City of New York, 172 AD3d 625, 629).
Here, the plaintiffs' expert failed to refute the opinion of the Webster defendants' expert that based on speed data collected from data modules on each vehicle, it was physically impossible for the tractor-trailer to have passed the bus in the way described by Williams. The plaintiffs' expert also failed to rebut the opinion of the Webster defendants' expert that the shallow roadway departure angle of the bus was inconsistent with Williams's assertion that Reid's tractor-trailer was involved in the accident. On appeal, the plaintiffs have abandoned their contention regarding the synchronization of the data used by the Webster defendants' expert. Thus, the plaintiffs failed to refute the opinion of the Webster defendants' expert that Williams's assertion that the tractor-trailer caused the accident by cutting off the bus was physically impossible (see Espinal v Trezechahn 1065 Ave. of the Ams., LLC, 94 AD3d 611, 613; Hardy v Lojan Realty Corp., 303 AD2d 457). Williams's self-serving statements were also contrary to all other eyewitness accounts [*4]of the accident and the findings of police investigators (see Carthen v Sherman, 169 AD3d 416, 417; Dorazio v Delbene, 37 AD3d 645, 646). Accordingly, the Supreme Court properly determined that Williams's deposition testimony was incredible as a matter of law and properly granted those branches of the Webster defendants' motion which were for summary judgment dismissing the complaints in Action Nos. 9, 10, 11, 12, 13, 14, and 15, the amended complaint in Action No. 8, the second amended complaints in Action Nos. 1, 2, 3, 4, 5, and 16, the third amended complaint in Action No. 6, and the fourth amended complaint in Action No. 7, insofar as asserted against them.
The Supreme Court also properly granted that branch of Sunflower Express's motion which was for summary judgment dismissing the second amended complaint in Action No. 4 insofar as asserted against it. "Where tour participants are transported by an independent contractor, the tour operator is not responsible for an accident which occurs due to the negligence of the independent contractor" (Aronov v Bruins Transp., 294 AD2d 522, 522). Sunflower Express established that it was merely a ticketing agent and that it did not operate or contract with the bus operator. The plaintiffs in Action No. 4 failed to raise a triable issue of fact. Although a tour guide employed by Sunflower Express was on board the bus at the time of the accident, the employee was not responsible for the operation of the bus and did not assume a duty of care toward the passengers in that respect (see id. at 523; Lowy v Heimann's Bus Tours, Inc., 240 AD2d 548, 548-549; see also Arroyo v We Transp., Inc., 118 AD3d 648, 649).
DUFFY, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court