■ FINSERV COMPUTER CORPORATION, Respondent, v BIBLIOGRAPHIC RETRIEVAL SERVICES, INC., Appellant.—Mikoll, J. Appeal (1) from an order of the Supreme Court at Special Term (White, J.), entered March 20, 1986 in Schenectady County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

On this appeal, defendant challenges only Special Term's dismissal of its affirmative defense of economic duress. We are confronted here with the question of whether a contracting party's expression of his subjective state of mind that he was threatened is sufficient to raise a question of fact as to whether he can rescind a contract signed by him on the basis that the threats constituted economic duress.

Plaintiff is suing defendant under an agreement executed by defendant's president on September 17, 1976 agreeing to pay plaintiff a percentage of defendant's billings, with plaintiff getting a percentage of any buyout of defendant during its first 10 years. Plaintiff sued for payment of its moneys due on September 15, 1978 when no payments were forthcoming from defendant and for recovery under the buyout provision when the business was sold during the pendency of this lawsuit. Summary judgment was granted plaintiff against defendant for $931,505.85. It is on the following facts that defendant attempts to sustain its defense of duress.

Plaintiff's president, Creighton W. Brittel, assisted Ronald Quake in his attempt to launch a new company which was to

supply on-line bibliographic research from a large computer data base of journal articles which subscribers would be able to access by computer connected to the data base by telephone. Ultimately, funding was secured through Brittel's efforts for Quake's project and defendant was incorporated in 1976 with Quake as its president, manager and majority stockholder. The agreement sued on provided compensation to plaintiff for its assistance in the founding and financing of defendant. After defendant failed to pay moneys due under the letter-contract, plaintiff sued defendant. Defendant contended that between August 2, 1976 and September 17, 1976, Brittel threatened to disrupt the contract between defendant and Carrier Corporation, which had agreed to underwrite defendant's capital funding, prevent defendant from getting any loans with the Schenectady Trust Company, and smear Quake's name and reputation by threatening to call him a "welcher". Also, defendant alleged that Brittel's secretary said there would be trouble if defendant failed to sign the agreement.

It was incumbent on defendant to establish evidence of all elements of economic duress to defeat the motion for summary judgment under the letter-contract. Economic duress is an affirmative defense to a contract cause of action, making the alleged contract voidable *(see, Muller Constr. Co. v New York Tel. Co.,* 40 NY2d 955). Economic duress exists when a party is forced to agree to a contract by means of a wrongful threat which precludes the exercise of its free will *(805 Third Ave. Co. v M. W. Realty Assoc.,* 58 NY2d 447, 451; *Austin Instrument v Loral Corp.,* 29 NY2d 124).

Defendant alleges that the threats by Brittel, a person not in control of the completed contract between defendant and the Carrier Corporation, caused defendant to acquiesce to the letter-contract. Plaintiff already had in hand $21,000 which it had received from Carrier Corporation and an executed contract providing for the rest of the funding it needed before the letter-contract was signed. Even if Quake's allegations against Brittel are true, defendant has failed to demonstrate how these statements constitute economic duress in view of these circumstances.

Defendant's allegations of threats to undermine its relationship with Schenectady Trust are specious. There were no communications with the bank, nor any attempt to gain funding from it at the time of the execution of the contract. In fact, the bank had turned down a funding request long before defendant signed the contract.

We also find that defendant's other contentions of threats by Brittel do not rise to the level of economic duress. Brittel's threats to smear Quake's reputation do not constitute economic duress. Defendant's situation was not so dire that it was left without a choice except to sign the letter-contract. These facts do not establish economic duress *(see, e.g., Pilgrim Homes & Garages v Fiore,* 75 AD2d 846, 848, *lv denied* 51 NY2d 768).

Order and judgment affirmed, with costs. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ., concur.