■ PETER MARRONE, Respondent, v RICHARD FRIEDMAN et al., Defendants, and FOREST HILLS MEDICAL ASSOCIATES, P. C., Appellant. [603 NYS2d 545] —In an action to recover damages for personal injuries based on medical malpractice, the defendant Forest Hills Medical Associates, P. C. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated June 7, 1991, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Forest Hills Medical Associates, P. C., for summary judgment is granted, the complaint insofar as it is asserted against it is dismissed, and the action against the remaining defendants is severed.

The plaintiff allegedly suffered injury when he was administered an injection prior to being brought into the operating room to undergo ambulatory surgery at the defendant Parkway General Hospital. He commenced the instant medical malpractice action against, among others, the hospital, the anesthesiologist Dr. Benjamin Ileto, and the medical group of which Dr. Ileto is a member, Forest Hills Medical Associates, P. C. The Supreme Court granted Dr. Ileto's motion for summary judgment, but denied summary judgment to the medical group, finding that a question of fact existed as to who administered the injection in question. The medical group has appealed, and we reverse.

The defendant Forest Hills Medical Associates, P. C., made a prima facie showing of entitlement to summary judgment by submitting evidence in admissible form to establish that no member of its staff, other than Dr. Ileto, treated the plaintiff, and that Dr. Ileto's involvement in this case consisted of administering anesthesia in the operating room. In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether a member of the medical group could have administered the injection which allegedly caused his injuries. Thus, the medical group is entitled to summary judgment dismissing the complaint insofar as it is asserted against it *(see, Clott v Kings Highway Community Hosp.*, 120 AD2d 634). Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.