■ SAVERIO BARTOLONI et al., Appellants, v JOSEPH RAPISARDA et al., Defendants, and AMERICAN ITALIAN COALITION OF ORGANIZATIONS, INC., Respondent. [609 NYS2d 47] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Bernstein, J.), dated December 2, 1992, which granted the motion of the defendant American Italian Coalition of Organizations, Inc., to set aside the jury verdict finding it 35% at fault in the happening of the accident and to dismiss the complaint insofar as it is asserted against it, and (2) as limited by their brief, from so much of a judgment of the same court, entered January 27, 1993, as is in favor of the defendant American Italian Coalition of Organizations, Inc., dismissing the complaint insofar as it is asserted against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant American Italian Coalition of Organizations, Inc. (hereinafter AMICO), operates a senior citizen's center of which the defendant Joseph Rapisarda and the plaintiff Saverio Bartoloni were members. Senior citizens go to the center for free educational, recreational, nutritional, and social-work services. Medical services are also provided at the center, but the employees of the center have no authority to require members to receive medical attention if they are ill.

On October 3, 1989, Joseph Rapisarda became ill at the center and was taken by wheelchair to his car. The director of the center was aware of Rapisarda's condition and asked him if he wanted medical attention or a ride home, but he refused both. After Rapisarda started his car, it went out of control and struck Saverio Bartoloni and Dominick Simone. Thereafter, Bartoloni commenced this action alleging that AMICO owed a duty to him to care for Rapisarda.

The question of whether someone owes a duty of care to reasonably avoid injury to another is a question of law *(see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8; *Eiseman v State of New York,* 70 NY2d 175, 187). Liability for the negligent acts of third persons generally arises when the defendant has the authority to control the actions of such third persons *(see, D'Amico v Christie,* 71 NY2d 76, 88-89). Here, the defendant AMICO had no authority to compel Rapisarda to seek medical attention, nor could AMICO prevent Rapisarda from driving his vehicle. Furthermore, any duty AMICO assumed by transporting Rapisarda to his vehicle was owed to Rapisarda and did not extend to Bartoloni. Thus, the trial court correctly set aside the jury verdict against AMICO because there was no duty owed by AMICO to Bartoloni *(see, Purdy v Public Adm'r of County of Westchester, supra,* at 9). Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.