(March 13, 1995)

■ MELISSA ADAMS, Appellant, v JAMES ELGART, Defendant, and ROBERT SEIDEN, Respondent. [623 NYS2d 637] —In a negligence action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 31, 1993, which, *inter alia,* granted the defendant Robert Seiden's motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

On June 8, 1992, James Elgart, a patient being treated in the medical-surgical unit of South Nassau Communities Hospital for delirium tremens, attacked and injured the plaintiff, Melissa Adams, a nurse employed in that unit who was attending Elgart at that time. Elgart had exhibited violent behavior twice before in the three days preceding the June 8th incident. Elgart's attending physician, the defendant Robert Seiden, was notified following each occurrence.

Following the June 8th incident, the plaintiff commenced the instant action against Elgart and the defendant doctor, alleging, among other things, that the defendant doctor was negligent in admitting Elgart to the medical-surgical unit of the hospital instead of the psychiatric unit, in not transferring Elgart after learning of his violent propensities, and in failing to warn her of Elgart's violent propensities.

Embedded in the law of this State is the proposition that a duty of reasonable care owed by the tort-feasor to the plaintiff is elemental to any recovery in negligence *(see, e.g., Pulka v Edelman,* 40 NY2d 781, 782; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344). Foreseeability of injury does not determine the existence of duty *(Strauss v Belle Realty Co.,* 65 NY2d 399, 402). Unlike foreseeability and causation, which are both generally factual issues to be resolved on a case-by-case basis by the fact-finder, the duty owed by one member of society to another is a legal issue to be determined by the court *(De Angelis v Lutheran Med. Ctr.,* 58 NY2d 1053, 1055; *Eiseman v State of New York,* 70 NY2d 175, 187).

"A defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter defendant can exercise such control" *(D'Amico v Christie,* 71 NY2d 76, 88). A physician's duty of care is ordinarily one owed to his or her patient *(Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1). The Court of Appeals, in *Eiseman v State of New York (supra),* stated, in the context of a physician reporting to a college admissions office the results of a physical examination of an applicant to the college, that "the physician plainly owed a duty of care to his patient and to persons he knew or reason-

ably should have known were relying on him for this service to his patient," but that the physician did not "undertake a duty to the community at large" *(Eiseman v State of New York, supra,* at 188; *see also, Purdy v Public Adm'r of County of Westchester, supra,* at 9). The law is clear that there is no liability on the part of a doctor for an error in judgment *(Bell v New York City Health & Hosps. Corp.,* 90 AD2d 270; *Bullock v Parkchester Gen. Hosp.,* 3 AD2d 254, 257, *affd* 4 NY2d 894).

Here, public policy requires a finding that the defendant doctor owed no duty to the public at large or to the plaintiff in particular to control Elgart. Elgart was being treated for and as a result of his drug and alcohol abuse. Often patients undergoing withdrawal from these toxic substances will, in severe cases, manifest bizarre behavior. The modern trend is to separate and to treat drug and alcohol patients separate and apart from those suffering from other forms of mental illness *(see,* Mental Hygiene Law § 9.03). This is the public policy of this State. The plaintiff was not at a particular risk since Elgart had not specifically threatened her. She is therefore a member of the general public and not of the class of people to whom the defendant doctor owed a duty.

Furthermore, the defendant doctor had no duty to warn the plaintiff of Elgart's alleged vicious propensities since the plaintiff was the one who advised the defendant doctor of a prior incident in which Elgart had exhibited those propensities *(see, Wagshall v Wagshall,* 148 AD2d 445, 447).

We have examined the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Thompson, Santucci and Joy, JJ., concur.