■ ROSETTA BANKS, Respondent, v GEORGE A. BARKOUKIS, Appellant, et al., Defendants. [647 NYS2d 814] —In an action to recover damages for personal injuries, the defendant George A. Barkoukis appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated June 21, 1995, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant George A. Barkoukis which was for summary judgment dismissing the complaint insofar as asserted against him is granted, the complaint is dismissed insofar as asserted against the defendant George A. Barkoukis, and the action against the remaining defendants is severed.

The plaintiff entered the hospital for surgery which was to be performed by the defendant George A. Barkoukis (hereinafter the appellant). While in the operating room and under full anesthesia, she was struck in the face and eye by a pole used to hold intravenous feed lines (hereinafter the I.V. pole). According to a report of the surgery proffered by the plaintiff, the I.V. pole was dislodged by a circulating nurse, Alyasa Caldes, as she was adjusting a surgical light for the appellant. The plaintiff commenced this action against the appellant and the other defendants for the resulting injuries to her eye and face. The appellant moved, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion finding issues of fact. We now reverse.

The plaintiff argues that the appellant may be held vicariously liable for the negligence of Nurse Caldes because, at the time of the accident, she was under his direction and control. However, in general, a surgeon may not be held vicariously liable for the negligence of a nurse not in his employ unless the act giving rise to the injury is one requiring close supervision and instruction *(see, Striano v Deepdale Gen. Hosp.,* 54 AD2d

730; 76 NY Jur 2d, Malpractice, § 82; 2C Warren's Negligence, Physicians and Surgeons, § 82.11 [2]). Here, the adjustment of a surgical light is not such a procedure. Thus, as Nurse Caldes was employed by the hospital, not the appellant, the appellant may not be held vicariously liable for her negligence. Moreover, neither the presence of the I.V. pole nor the fact that it was dislodged was a result of a departure by the appellant from the duty of care that he owed to the plaintiff (see, *Agustin v Beth Israel Hosp.,* 185 AD2d 203; 76 NY Jur 2d, Malpractice, § 134). Because the act giving rise to the injury is known and the appellant neither committed the act nor can be held vicariously liable for the act, the doctrine of res ipsa loquitor is not applicable (see, e.g., *Marrone v Friedman,* 198 AD2d 269; *Kleinert v Begum,* 144 AD2d 645; *Forray v New York Hosp.,* 101 AD2d 740). Accordingly, that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against him should have been granted. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.