■ JEAN FAY et al., Respondents, v ASSIGNMENT AMERICA et al., Appellants. [666 NYS2d 304] —Carpinello, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 17, 1997 in Greene County, which denied defendants' motion for summary judgment dismissing the complaint.

The issue before this Court is whether Supreme Court properly denied defendants' motion for summary judgment in this negligence case arising out of an incident at Columbia-Greene Medical Center in the City of Hudson, Columbia County. Because we find the court did so err, we now reverse.

In the early morning hours of April 28, 1990, plaintiff Jean Fay (hereinafter plaintiff), a respiratory technician at Columbia-Greene, was administering oxygen to Bart McCagg, an intensive care unit patient who was trying to extubate himself, when McCagg allegedly grabbed her and proceeded to pull and shake her. Plaintiff claims that she has suffered physical and mental injuries as a result of this attack and seeks to hold defendants liable for same on a theory of negligence. According to plaintiff, several hours prior to the incident she had observed McCagg attempting to extubate himself and instructed defendant Ann Ayars, a registered nurse employed by defendant Assignment America, that she had "to do something

here because if [she did not McCagg] is going to extubate himself and we are going to have a big problem".[1] Plaintiff further instructed Ayars that "[y]ou need to call the doctor, you need to really take some steps here". Although Ayars reaffixed McCagg's hand restraints at this time, she did not verbally respond to plaintiff's instructions. Defendant Daniel McDonough, employed by defendant Cross-Country Health Care Personnel, Inc., was apparently one of several nurses present when plaintiff was attacked.

It is well settled that in the absence of a cognizable duty of reasonable care, an injured party may not recover in negligence against alleged tortfeasors (see, *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 584; *Palsgraf v Long Is. R. R. Co.*, 248 NY 339, 342). Indeed, the existence of a duty is a legal question to be resolved by the court (see, *Palka v Servicemaster Mgt. Servs. Corp., supra*). The essential question here is whether any defendant owed a duty to plaintiff. Because we find that no cognizable duty existed between any defendant and plaintiff, there was no possible basis for tort liability in this case.

This is not a case where plaintiff was injured by a direct act of any defendant. Rather, the act complained of by plaintiff was perpetrated by a third party—McCagg. Generally, a defendant owes no duty to prevent a third party from causing harm to another unless that defendant has the authority, as well as the ability, to control that party's actions; the mere fact that the defendant could have exercised control "as a practical matter" does not create a duty to do so (*D'Amico v Christie*, 71 NY2d 76, 88; see, *Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8; *Adams v Elgart*, 213 AD2d 436, 437). An exception may occur in a case where a special relationship exists between the defendant and the third party so as to give rise to a duty to control; or alternatively, where a special relationship exists between the defendant and the plaintiff which gives the latter the right to protection from the conduct of others (see, *Purdy v Public Adm'r of County of Westchester, supra*, at 8; *Pulka v Edelman*, 40 NY2d 781, 783-784). Examples of such special relationships include the relationship between employers and employees, parents and children, common carriers and their patrons, and school districts and their students, among others (see, *Purdy v Public Adm'r of County of Westchester, supra*; *Nolechek v Gesuale*, 46 NY2d 332, 336; *Pulka v Edelman, supra*; *Pratt v Robinson*, 39 NY2d 554, 559).

---

1. Ayars was on duty in the intensive care unit from 7:00 A.M. until 11:00 P.M. on April 27, 1990 and hospital records indicate that she left at 11:40 P.M.

The crux of plaintiff's claim in this case is that a "special relationship" was created between herself and Ayars by virtue of her instructions to Ayars concerning McCagg.[2] We are unpersuaded by this argument. We do not find the relationship between plaintiff, a respiratory technician, and Ayars, a nurse, to be analogous to other legally recognized special relationships. Said differently, nothing in their relationship—co-workers in a hospital setting—required Ayars to protect plaintiff from the conduct of others, including McCagg. Moreover, Ayars did not have the necessary authority or ability to exercise control over McCagg's conduct so as to give rise to a duty on her part to control him and protect plaintiff. Under these circumstances, Supreme Court erred in denying defendants' motion for summary judgment.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.

2.  With respect to McDonough, the complaint alleges that McDonough "failed to use certain restraints and/or medications on * * * McCagg to relieve his agitated condition and to monitor him and to prevent him from removing various tubes and other equipment from his body". During her examination before trial, plaintiff merely noted that McDonough, in addition to several other nurses, was present when she was attacked. In response to defendant's motion for summary judgment, plaintiff made no attempt to establish a duty on McDonough's part; rather, she only argued that Ayars owed a duty of reasonable care. Thus, summary judgment clearly should have been granted to him.