■ BONNIE J. HOVER et al., Appellants, v ANANTH RAMANI, Respondent. [700 NYS2d 578] —Graffeo, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 19, 1999 in Columbia County, which granted defendant's motion for summary judgment dismissing the complaint.

This case arises out of an injury sustained by plaintiff Bonnie J. Hover (hereinafter plaintiff), a registered nurse, in the

course of her employment at Columbia Memorial Hospital in the City of Hudson, Columbia County. At the time of the accident, plaintiff was assigned to care for certain patients and one such patient had been admitted by defendant, an attending physician with privileges at the hospital. Defendant's orders indicated that the patient was to be ambulated in furtherance of her medical care. Plaintiff enlisted the help of another nurse to assist her in lifting the patient from her bed, but the two were unable to do so due to the patient's weight, which plaintiff estimated to be between 250 and 300 pounds. After plaintiff informed defendant that she could not get the patient out of bed, defendant instructed her to obtain more assistance. Thereafter, plaintiff, along with another nurse and a patient care assistant, again attempted to move the patient, but when the patient was nearly standing, she fell backward onto the bed, pulling plaintiff with her.

Plaintiff, and her husband, derivatively, commenced this action to recover money damages for injuries allegedly sustained as the result of this incident, primarily contending that defendant negligently directed plaintiff to lift the patient. After joinder of issue, Supreme Court granted defendant's motion for summary judgment dismissing plaintiffs' complaint, finding that defendant owed no duty of care to plaintiff. Plaintiffs now appeal.

Preliminarily, the question of whether defendant owed plaintiff a duty is a legal issue to be determined by the court (see, De Angelis v Lutheran Med. Ctr., 58 NY2d 1053, 1055; Adams v Elgart, 213 AD2d 436, 437). A physician's duty is generally owed to his or her patient and a duty to third persons will arise only where a "special relationship" is present (see, Purdy v Public Adm'r of County of Westchester, 72 NY2d 1, 8-9; Adams v Elgart, supra, at 437). Plaintiffs argue that defendant's status as plaintiff's superior is a sufficient basis upon which to impose a duty of reasonable care. We disagree. Defendant's professional relationship with plaintiff was derived from the fact that they both were caregivers to the same patient. Although defendant, as a physician, apparently had the authority to issue directions to the nursing staff with respect to the treatment of his patients, defendant's duty of care clearly flowed to his patient. Under these circumstances, we conclude that the relationship between plaintiff and defendant and their concomitant interaction did not give rise to a "special relationship" from which plaintiff may recover for defendant's alleged negligence (cf., Fay v Assignment Am., 245 AD2d 783, 785; Adams v Elgart, supra, at 437-438; Livingston v Gribetz,

549 F Supp 238, 244). Moreover, the record is devoid of information to substantiate plaintiff's allegation that defendant's conduct constituted negligence. Plaintiff acknowledged that prior to lifting the patient, she had read the patient's chart which disclosed the fact that two people had previously been needed to lift the patient due to her weight. Although defendant instructed plaintiff to "get more help" when she encountered difficulty, it was plaintiff who decided how to implement defendant's patient care request (*see generally, Banks v Barkoukis*, 231 AD2d 598). Based on our review of the record, Supreme Court's award of summary judgment to defendant shall not be disturbed.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.