■ CHARLES Y. GOHAR, Doing Business as PESTROL SERVICE COMPANY, et al., Appellants, v ALBANY HOUSING AUTHORITY, Respondent. [733 NYS2d 507] —Spain, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered July 25, 2000 in Albany County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Charles Y. Gohar (hereinafter plaintiff) is the owner and operator of Pestrol Service Company and his son, plaintiff Joseph Gohar (hereinafter Gohar), is an employee of Pestrol. Pursuant to a contract to provide pest control services for defendant, on February 23, 1998 plaintiffs performed a pest survey at defendant's Lincoln Square Apartments located on Morton Avenue in the City of Albany. After completing the survey, Gohar left defendant's apartment building carrying a satchel containing his equipment and proceeded across the street to his parked vehicle to wait for plaintiff, who was returning the master key to defendant's building manager. As Gohar sat in his vehicle, officers of the Albany Police Department knocked on the window, instructed him to unlock the door and exit the vehicle. According to Gohar, he unlocked the door, was pulled from the car and, after a struggle, was wrestled to the ground and transported to the police station. Gohar was charged with resisting arrest and obstructing governmental administration, charges which were ultimately adjourned in contemplation of dismissal.

On February 26, 1998, defendant and plaintiff executed a release excusing Pestrol from performing its remaining obligations under the contract and releasing defendant from its contractual obligations. In the release, plaintiff also agreed to

hold defendant harmless "for any act or failure to act during [the contract] term." Plaintiffs subsequently commenced this action alleging, *inter alia*, that defendant was grossly negligent in failing to warn them about the police surveillance in the vicinity of its apartments and failing to take steps to protect them from the police by, among other measures, providing proper identification tags or garments which would have identified their business purpose.

Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Plaintiffs opposed the motion and cross-moved for an order directing defendant to fully comply with their discovery requests and requested an extension of the discovery deadline to allow for further discovery. Supreme Court granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion. Plaintiffs appeal.

We affirm. Initially, we agree with Supreme Court that the doctrine of release bars plaintiff from maintaining this action against defendant. Where, as here, "the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties" (*Booth v 3669 Delaware*, 92 NY2d 934, 935) and will only be set aside if it was obtained as a result of "duress, illegality, fraud, or mutual mistake" (*K3 Equip. Corp. v Kintner*, 233 AD2d 556, 557; *see, Muller Constr. Co. v New York Tel. Co.*, 40 NY2d 955, 956). Notwithstanding plaintiff's assertion that the release was the product of duress, he fails to point to any record evidence of any wrongful threats by defendant. Accordingly, Supreme Court correctly held that plaintiff failed to raise a triable issue of fact concerning the validity of the release sufficient to defeat a motion for summary judgment (*see, Booth v 3669 Delaware, supra*, at 935; *Finserv Computer Corp. v Bibliographic Retrieval Servs.*, 125 AD2d 765, 766-767).

We also find that Supreme Court properly dismissed Gohar's negligence action against defendant. Generally, landowners owe a duty to exercise reasonable care in maintaining their property in a reasonably safe condition and have a duty to warn of a latent or dangerous condition of which the landowner is or should be aware (*see, Basso v Miller*, 40 NY2d 233, 241; *Comeau v Wray*, 241 AD2d 602, 603). A landowner is obligated "to take minimal protective measures * * * when it can be shown that the possessor of the property 'either knows or has reason to know from past experience "that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor" ' " (*Provenzano v*

*Roslyn Gardens Tenants Corp.*, 190 AD2d 718, 720, quoting *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519, quoting Restatement [Second] of Torts § 344, comment *f*).

Gohar, conceding that the incident which gave rise to his injuries occurred on a public street and not on defendant's property, argues that this Court should extend common-law premises liability to impose liability on defendant for acts occurring beyond the boundaries of its property in order to protect independent contractors and their employees from nearby latent dangers. Gohar fails to submit any legal authority in this State to support his argument, and we decline to adopt this sweeping extension of a landowner's duty.

Moreover, the acts complained of were allegedly perpetrated by a third party, officers of the Albany Police Department, and we find no evidence in the record to support finding a "special relationship" between defendant and the Albany Police Department "so as to give rise to a duty [by defendant] to control" the actions of the police officers (*see, Fay v Assignment Am.*, 245 AD2d 783, 784; *see also, Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8-9; *Pulka v Edelman*, 40 NY2d 781, 783-784). Likewise, no special relationship existed between defendant and Gohar which would give rise to a duty to protect him from the conduct of others (*see, Purdy v Public Adm'r of County of Westchester, supra*, at 8-9; *Fay v Assignment Am., supra*, at 784).

Finally, as plaintiffs failed to demonstrate how further discovery might reveal material facts within the movant's exclusive knowledge, we find no abuse of discretion in Supreme Court's refusal to postpone defendant's motion (*see, Scofield v Trustees of Union Coll.*, 267 AD2d 651, 652).

Cardona, P. J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.