▪ HIDDEN MEADOWS DEVELOPMENT COMPANY, Appellant, v PARMELEE'S FOREST PRODUCTS, INC., Defendant and Third-Party Plaintiff-Respondent. ADIRONDACK FORESTRY, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [734 NYS2d 264] —Spain, J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 22, 2000 in Rensselaer County which, *inter alia*, granted defendant's motion for partial summary judgment and dismissed the complaint in its entirety.

Plaintiff is the owner of approximately 100 acres of property in the Town of Sand Lake, Rensselaer County. In contemplation of harvesting the timber on the property prior to constructing a housing development, plaintiff contacted defendant, a timber brokerage and forestry business. Defendant arranged for third-party defendant Adirondack Forestry, Inc. to perform a timber inventory of the property, which is a statistical sampling of the property's timber designed to ascertain the nature and quantity of merchantable timber on the land. After the timber inventory was completed, plaintiff and defendant entered into a contract whereby defendant agreed to harvest and purchase the merchantable timber on the property at designated prices, depending on the grades and types of logs harvested and to "use due care in felling, skidding and hauling" to avoid damage to plaintiff's property. Upon completion of the work, defendant also agreed to "repair all damage to roads, bridges, fences or other improvements on the property which, in the judgment of [defendant], exceeds reasonable wear and tear," and otherwise leave all working areas "in a neat and clean condition." Plaintiff apparently provided defendant with plans indicating what skidways and roadways should be utilized to reduce damage to the property.

Plaintiff obtained a zoning variance to permit logging activity on the property and, thereafter, defendant contracted with third-party defendant John Roberts to undertake the harvest. Roberts conducted logging operations on the property in September and October 1997. Defendant never undertook its clean up and repair obligations because plaintiff, dissatisfied with the manner in which the harvest had been performed and concerned about the environmental impact of further activity on the land, refused to allow defendant or Roberts further access to the property.

In June 1998, plaintiff commenced this action, alleging negligent performance of the timber inventory and harvest and breach of contract, and seeking consequential damages based on its inability to proceed with its plans to develop the property. Defendant commenced a third-party action against Adirondack

and Roberts and Roberts filed a cross claim against Adirondack. Defendant moved for summary judgment dismissing plaintiff's cause of action sounding in negligence and claim for consequential damages and directing a limitation on the amount of damages, if any, to be recovered on a breach of contract theory. Adirondack also moved for summary judgment, dismissing both defendant's third-party action and Roberts' cross claim against it. Supreme Court dismissed plaintiff's complaint in its entirety and denied as academic Adirondack's motion for summary judgment against defendant and Roberts. Plaintiff now appeals and we affirm.

Plaintiff's first cause of action was properly dismissed. To establish negligence, plaintiff must demonstrate the existence of a duty to exercise reasonable care owed by defendant, a breach of that duty and resulting injury to plaintiff (*see, Becker v Schwartz*, 46 NY2d 401, 410; *Fay v Assignment Am.*, 245 AD2d 783, 784). Assuming that defendant owed plaintiff any duty independent of the contract, we find that defendant made a prima facie showing that reasonable care was exercised both in performing the timber inventory and the harvest and that plaintiff failed to "demonstrate by admissible evidence the existence of a factual issue requiring a trial" (*Zuckerman v City of New York*, 49 NY2d 557, 560). Defendant established, through expert testimony, that the inventory and the harvest were performed in accord with the prevailing industry standard and that the inventory accurately reflected the amount of timber on plaintiff's property. The only evidence introduced by plaintiff to counter this assertion is an affidavit of a licensed professional engineer who inspected the property and opined that the soil on plaintiff's land had been severely damaged due to the logging operations and that had the operations been carried out in conformance with the plans prepared by plaintiff, the extent of soil damage would have been reduced. Although this affidavit raises a question of fact as to whether defendant could have exercised a higher standard of care, it does not allege that defendant did not employ a reasonable standard of care or that the timber harvest was not performed in accordance with prevailing industry standards.

To establish that the inventory and harvest were negligently performed, plaintiff apparently relies on the fact that the harvest resulted in far less profit than plaintiff expected. Plaintiff's principal asserted that defendant told him there was approximately a quarter million feet of timber on the property, but that the harvest yielded only a quarter of that amount. Defendant, however, introduced proof that it did not warrant to

plaintiff—either orally or in the contract—that all of the timber delineated in the timber inventory report would be harvested or that plaintiff would receive a specific amount of revenue from the harvest. Significantly, the inventory report does not indicate the amount of timber that would ultimately be harvested from the property or how much revenue would be obtained from a timber harvest. There is also proof in the record that defendant advised plaintiff that it could expect to recoup only about 30% of the volume of timber shown on the inventory. Plaintiff admits that it told defendant that it did not want all of the merchantable timer cut on the property and that defendant never suggested a sum certain which plaintiff could expect to receive from the timber harvest. Thus, we discern no triable issue of fact with respect to the propriety of the timber inventory or harvest.

Likewise, defendant demonstrated that it did not breach its contractual duty to harvest the timber from plaintiff's property. The contract does not require defendant to harvest any particular amount of timber and, as noted above, defendant established that the harvest was exercised with reasonable care. With respect to the termination of the harvest, defendant introduced evidence that the logging operation was concluded because no more timber could be harvested due to the wet weather conditions and plaintiff's failure to confirm—as agreed—the back property line on plaintiff's land where the bulk of the better quality wood was located.

Plaintiff does not present evidence to contradict these assertions, but seeks damages based on defendant's admitted failure to repair and clean the property. However, "a party to a contract cannot rely on the failure of another to perform when he has frustrated or prevented the performance" (*A-1 Gen. Contr. v River Mkt. Commodities*, 212 AD2d 897, 900; *see, Young v Whitney*, 111 AD2d 1013, 1014). Plaintiff has neither denied nor presented any proof to contradict defendant's assertion that it was ready and willing to clean up plaintiff's property at plaintiff's convenience following the termination of the timber harvest but that plaintiff refused defendant and Roberts further access to the property. Plaintiff's stated concern over the environmental impact of the clean up—without any proof that defendant ever agreed to comply with any specific environmental controls—does not alter the nature of defendant's obligations under the contract.

Finally, plaintiff's claim for consequential damages was properly dismissed in light of the dismissal of plaintiff's negligence and breach of contract causes of action. In any

event, we note that plaintiff has not presented proof that the property cannot be developed as a result of the logging activity.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.