■ CHASE MANHATTAN BANK, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 103886.) [787 NYS2d 155]—

Mugglin, J. Appeal from an order of the Court of Claims (Collins, J.), entered August 8, 2003, which, inter alia, granted defendant's cross motion for summary-judgment dismissing the claim.

Claimant alleges that it is the agent of U.S. HomeCare Corporation (hereinafter USHC) and other unsecured creditors of that now defunct corporation. USHC was a provider of personal care services under defendant's Medical Assistance Program (hereinafter Medicaid) and operated six licensed home health agencies which provided personal care services to Medicaid recipients pursuant to contracts with various local counties. Claimant admits that these contracts contained reimbursement rates for Medicaid patients in excess of rates charged to the general public, a violation of a regulation promulgated effective January 1, 1994 by the Department of Social Services (*see* 18 NYCRR 505.14 [h] [7] [ii] [a] [1] [i]). Thereafter, the Attorney General's Medicaid Fraud Control Unit (hereinafter MFCU) conducted an audit and investigation of Medicaid providers, including USHC, and, as part of that investigation, impaneled a grand jury which subpoenaed USHC's billing records for the period 1992 through 1997. To settle this matter, USHC and MFCU signed an agreement and settlement dated February 27, 1998 pursuant to which USHC agreed to repay $1.75 million of excess Medicaid payments. The repayment schedule, with interest, was complied with by USHC and claimant for approximately 2½ years before claimant stopped paying. Claimant then commenced this action to recover the payments, asserting that defendant's unilateral

imposition of the "public rate charge" was a breach of the contractual rates contained in USHC's contracts with the several counties in New York and that the settlement agreement is unenforceable as it was the product of duress.*

Claimant moved for summary judgment on its breach of contract cause of action, and defendant cross-moved to dismiss the entire claim for failure to state a cause of action. The Court of Claims denied claimant's motion for summary judgment and granted the cross motion dismissing the claim. Claimant appeals, and we affirm.

In our view, claimant's breach of contract claim is inconsistent with the provisions of the settlement agreement and is, thus, no longer viable. An assertion that defendant breached the contracts between USHC and the various counties by unilaterally imposing a rate reduction is inconsistent with USHC's agreement to repay $1.75 million in Medicaid overpayments. We, therefore, first address whether the settlement agreement was the product of duress because it was entered into when a criminal investigation was being undertaken. We find no merit to this claim. A valid claim of duress has two components, (1) threats of an unlawful act by one party which (2) compels performance by the other party of an act which it had a legal right to abstain from performing (see Lyons v Lyons, 289 AD2d 902, 904 [2001], lv denied 98 NY2d 601 [2002]; Matter of Garvin, 210 AD2d 332, 333 [1994]). MFCU had a lawful right to conduct a grand jury investigation, so the first element of duress is absent from this case (see Matter of Rychlick v Coughlin, 99 AD2d 863, 864 [1984], affd 63 NY2d 643 [1984]). Moreover, USHC acted freely, with the advice of counsel, and received meaningful benefits from the settlement in that it escaped future liability for potential reimbursement claims and was allowed to continue as a Medicaid provider. Compliance with the stipulation and failure to repudiate it for approximately 2½ years unequivocally reveals USHC's intention to affirm the agreement (see Sheindlin v Sheindlin, 88 AD2d 930, 931 [1982], appeal dismissed 57 NY2d 775 [1982]).

Claimant's breach of contract cause of action is without merit in any event. Most of the contracts at issue contained language which, in substance, provided that the specific reimbursement rates contained in the contracts were effective only if they were

---

* Claimant also asserted that the public charge regulation was unconstitutional. That cause of action has been rendered moot by the Court of Appeals decision in Ulster Home Care v Vacco (96 NY2d 505 [2001], cert denied sub nom. Ulster Home Care v Spitzer, 534 US 1065 [2001]) and claimant has abandoned this argument on appeal.

not in conflict with rates authorized or accepted by the Department of Social Services. Moreover, "[i]t is fundamental that a Medicaid provider has no property interest in or contract right to reimbursement at any specific rate or, for that matter, to continued participation in the Medicaid program at all" (*Matter of Rye Psychiatric Hosp. Ctr. v State of New York*, 177 AD2d 834, 835 [1991], *lv denied* 80 NY2d 751 [1992]; *see Matter of Kaye v Whalen*, 56 AD2d 111, 117-119 [1977], *affd* 44 NY2d 754 [1978]).

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.