■ SYLVIA MENDEL, Plaintiff, and STEVEN BAIN et al., Appellants, v HENRY PHIPPS PLAZA WEST, INC., Defendant, and BELLEVUE SOUTH ASSOCIATES, L.P., Respondent. [813 NYS2d 66]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about August 24, 2005, which granted defendant Bellevue South's motion to enforce a stipulation and agreement of settlement (same court and Justice), entered February 20, 2004, allowing for a warrant of eviction on consent, and which denied the Bains' cross motion to set aside the settlement agreement as void on the grounds of misrepresentation, fraud and duress, or for a hearing on said issues, as well as on their claim of entitlement to continue as Mitchell-Lama tenants, unanimously affirmed, without costs. Order, same court and Justice, entered October 28, 2005, which awarded possession of the Bains' premises to defendant Bellevue South, authorized a warrant of eviction and stayed all proceedings pending appeal on condition that the Bains post an undertaking in the amount of $20,000, unanimously affirmed, without costs.

Contrary to the Bain tenants' claims, there is no basis in the record for setting aside their agreement to accept the negotiated and "so-ordered" settlement agreement. That agreement has been deemed binding upon tenants who, like the Bains, accepted it (*see Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786 n), and the arguments to set aside their consent to the settlement on grounds of fraud, misrepresentation, coercion, economic duress and lack of legal representation are unsupported by the record. The IAS court twice extended the tenants' initial deadline for opting into or out of the settlement agreement so as to allow them an adequate opportunity to consider various lease arrangements offered by the landlord to supplant their expired Mitchell-Lama status, and to secure the advice of counsel on the issues. In related settlement documents executed by the Bains, they acknowledged having consulted counsel of their choosing. The record demonstrates that neither the landlord nor its agents misrepresented the tenants' need to enter into new lease arrangements with the building as its application to withdraw from the Mitchell-Lama program had been formally granted. The Bains' claims of economic duress are belied by their acceptance of the benefits of a transitional lease at Mitchell-Lama rent rates, and their failure to promptly repudiate the settlement agreement (*see Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp.*, 14 AD3d 352 [2005]).

The Bains' argument that they are entitled to a hearing on their request for declaratory relief, including a declaration of their rights vis-à-vis the 1973 land disposition agreement between the City of New York and the landlord, and the attendant

Mitchell-Lama program, lacks merit, inasmuch as they lack standing to assert any rights under the land disposition agreement (*see Mendel v Henry Phipps Plaza W., supra*).

We have considered the Bains' remaining arguments and find them without merit. Concur—Saxe, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.