■ CATSKILL MODULAR HOMES OF GREENE COUNTY, INC., Appellant, et al., Plaintiffs, v DAVID HANSON et al., Respondents. (And Another Related Action.) [928 NYS2d 384]—

Mercure, J.P.

David Hanson and Sandy Hanson (hereinafter collectively referred to as defendants) contracted with Catskill Modular Homes of Greene County, Inc. to obtain a modular home and assemble it on property in the Town of Westerlo, Albany County. In September 2007, defendants paid $39,875 to Catskill Modular so that it could order the modular home from the manufacturer. Minimal work was performed under the contract, and defendants canceled it in December 2007 after learning that the modular home was not in production due to Catskill Modular making only a partial deposit with the manufacturer.

Catskill Modular and its principals, Maureen Russell and Peter Hernandez, thereafter commenced an action alleging, as is relevant here, a breach of contract claim; defendants responded in kind. The two actions were joined for a nonjury trial, at the conclusion of which Supreme Court sustained defendants' claims and ordered Catskill Modular to pay them $39,875 together with interest.

Catskill Modular now appeals, arguing that Supreme Court should have found defendants in breach of the contract. Inasmuch as Supreme Court's decision was rendered after a nonjury trial, we accord due deference to its factual findings, but nevertheless "independently review the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant the judgment warranted by the record" (*Shon v State of New York*, 75 AD3d 1035, 1036 [2010]; *see Richmor Aviation, Inc. v Sportsflight Air, Inc.*, 82 AD3d 1423, 1424 [2011]). Our review of the record discloses no reason to disturb Supreme Court's award to defendants.

To maintain a cause of action for breach of contract, Catskill Modular was required to show that it made a tender of its own performance, "unless tender was waived or the necessity for such a tender was obviated by acts of the other party amounting to an anticipatory breach of the contract or establishing that such party would be unable to perform" (*Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1021-1022 [1991], *lv dismissed* 79 NY2d 1040 [1992]; *accord #1 Funding Ctr., Inc. v H & G Operating Corp.*, 48 AD3d 908, 909 [2008]). Here, Catskill Modular failed to perform under the contract, retaining almost $25,000 that was intended for the deposit on the modular home.

Catskill Modular argues that its performance under the contract was frustrated or prevented by defendants' failure to timely obtain a building permit and allow construction work to begin on the site (*see Steven Strong Dev. Corp. v Washington Med. Assoc.*, 303 AD2d 878, 881 [2003]; *A-1 Gen. Contr. v River Mkt. Commodities*, 212 AD2d 897, 900 [1995]). Catskill Modular's failure to make the required deposit, however, was unconnected to—and, in fact, predated—defendants' alleged breaches. In any event, defendants were thwarted in obtaining a building permit by Catskill Modular's failure to timely provide stamped building plans. Moreover, defendants' refusal to permit work on the premises stemmed from their legitimate concerns over what had happened to their initial payment, the lack of a building permit, and Catskill Modular's refusal to guarantee that it would satisfy its contractual obligation to use proper materials on work that could be performed without that permit (*see Steven Strong Dev. Corp. v Washington Med. Assoc.*, 303 AD2d at 881-882; *cf. Hidden Meadows Dev. Co. v Parmelee's Forest Prods.*, 289 AD2d 642, 644 [2001]). We are thus satisfied that Catskill Modular breached the agreement without justification, was not entitled to recover for breach of contract and, indeed, was appropriately held liable.

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs.