Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 5, 2011, which granted defendant’s motion to dismiss, unanimously affirmed, with costs.
Supreme Court properly granted defendant’s motion to dismiss because the written release, which plaintiff executed on November 22, 2010, precludes plaintiff from making the claims set forth in the complaint (see CPLR 3211 [a] [1], [5]). It is clear that the entire purpose of the release was for plaintiff to waive its finder’s fee in relation to the subject transaction between defendant and a nonparty, as consideration to induce defendant to consummate the transaction at the higher price demanded by the nonparty. Plaintiffs entire duress argument is premised on its assertion that it would not have waived that fee if it were not under duress. However, plaintiff asserts that a provision in the release, which maintains in effect written agreements between the parties, meant that plaintiff was still entitled to its finders fee. Such a construction would render the entire purpose of the release a nullity (see Credit Suisse First Boston v Utrecht-America Fin. Co., 80 AD3d 485, 488-489 [2011]; Village of Hamburg v American Ref-Fuel Co. of Niagara, 284 AD2d 85, 89 [2001], lv denied 97 NY2d 603 [2001]). Even assuming that the e-mail exchanges between plaintiff and defendant constitute a “written agreement,” the only construction which gives effect to the release, the primary purpose of which was plaintiffs fee waiver, is that the written agreements being maintained between plaintiff and defendant referred to any such agreements other than the fee agreement relating to the subject transaction at the core of the release.
Also, contrary to plaintiffs contention, there was “no actionable duress” alleged by the complaint (Madey v Carman, 51 AD3d 985, 987 [2008], lv denied 11 NY3d 708 [2008]; 767 Third Ave. LLC v ORIX Capital Mkts., LLC, 26 AD3d 216 [2006], lv denied 8 NY3d 803 [2007]). Plaintiff s argument that the release was executed under duress is belied by the fact that nonparty Barclays paid it a commission for facilitating the transaction, *621 and a party cannot claim that it was compelled to execute an agreement under duress while simultaneously accepting the benefits of the agreement (see Mendel v Henry Phipps Plaza W., Inc., 27 AD3d 375, 376 [2006]). Doing so is tantamount to ratification (see Philips S. Beach, LLC v ZC Specialty Ins. Co., 55 AD3d 493 [2008], lv denied 12 NY3d 713 [2009]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Tom, J.P., Andrias, Friedman, Moskowitz and Renwick, JJ.