Spain, J.
Appeal from an order of the Supreme Court (Lebous, J.), entered April 5, 2011 in Broome County, which granted defendants’ motions to dismiss the complaint.
Plaintiff, a restaurant manager from 2002 to 2007 for defendant Lattner Enterprises of N.Y., a franchisee of defendant McDonald’s Corporation, alleges that her supervisor, defendant Douglas Lattner, repeatedly subjected her to sexual harassment. She claims that she reported the harassment to corporate employees of McDonald’s Corporation, which aided and abetted the harassment by failing to warn her of Lattner’s predilection for sexual harassment and by failing to take action. On December 10, 2007, at a meeting with Lattner and another supervisor, plaintiff signed a handwritten settlement agreement by which she agreed to leave her employment and release all claims arising from Lattner’s alleged harassing conduct, which was not admitted, in exchange for a severance payment and medical benefits. Shortly thereafter, plaintiff signed a typed “[settlement [a]greement and [r]elease” (hereinafter the release agreement) which, among other things, comprehensively released defendants* from all liability for any claims or potential causes *971 of action under any federal, state or local law against them arising from her employment by Lattner Enterprises up until its effective date of December 14, 2007, in consideration of “14 weeks and 5 days” of severance pay of $18,688.10 and medical benefits. Plaintiff was paid the full severance and her medical benefits were continued as agreed.
Plaintiffs subsequent sex discrimination complaint against Lattner and Lattner Enterprises was dismissed by the State Division of Human Rights in 2009 based upon the conclusion that, by signing the release agreement, plaintiff had voluntarily waived any claim that she may have under the Human Rights Law (see Executive Law § 296), which the Equal Employment Opportunity Commission adopted in dismissing her complaint under title VII of the Civil Rights Act of 1964. Plaintiff then commenced this action in December 2009, again alleging unlawful sexual harassment and sex discrimination (see Civil Rights Act of 1964, tit VII [42 USC § 2000e et seq.]; Executive Law § 296). Supreme Court thereafter granted defendants’ motions to dismiss the complaint based upon the release agreement and for failure to state a cause of action (see CPLR 3211 [a] [5], [7]). On plaintiffs appeal, we affirm.
Plaintiff contends that the releases she signed are not valid because they were procured under duress; she alleges that the first agreement was signed in a coercive atmosphere in which Lattner told her that she had to sign it in order to leave the meeting, and that she signed the second release agreement because, when she contacted McDonald’s Corporation to indicate that she would not sign it, counsel for McDonald’s Corporation advised her that she was already bound by the first agreement and that, if she reentered their property, she would be guilty of trespass. On these motions to dismiss, “the complaint is liberally construed, the facts alleged [in the complaint and any submission submitted in opposition to the dismissal motions] are accepted as true, plaintiff[ is] accorded every favorable inference and the court determines only whether the facts alleged in the complaint ‘fit within any cognizable legal theory’ ” (Lazic v Currier, 69 AD3d 1213, 1213-1214 [2010], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]).
*972 Under contract law, a signed release that is clear and unambiguous and knowingly and voluntarily entered into is binding on the parties unless cause exists to invalidate it on one of the recognized bases for setting aside written agreements, including illegality, fraud, mutual mistake, duress or coercion (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]; Booth v 3669 Delaware, 92 NY2d 934, 935 [1998]; Appel v Ford Motor Co., 111 AD2d 731, 732 [1985]). A party such as plaintiff seeking to void a written contract on the ground of duress must meet her burden of demonstrating “(1) threats of an unlawful act by one party which (2) compel! ] performance by the other party of an act which it had a legal right to abstain from performing” (Chase Manhattan Bank v State of New York, 13 AD3d 873, 874 [2004]; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276). Here, even assuming, as plaintiff alleges, that she was under duress when she signed the first agreement at the supervisor’s meeting, she asserts no facts from which it could be concluded that her subsequent act of signing the release agreement was made under duress or involuntarily. The advice of McDonald’s Corporation’s counsel that she was already bound to the first agreement did not constitute “threats of an unlawful act” (Chase Manhattan Bank v State of New York, 13 AD3d at 874). Notably, it is undisputed that the release agreement advised her in bold type to consult an attorney, she was afforded 21 days in which to consider it and consult counsel, she was advised that she could revoke it up to seven days after signing it, and she does not allege any facts from which it could be found that her free will or opportunity to consult counsel were impeded or effectively precluded in exercising her decision to sign the agreement (see Stiso v Inserra Supermarkets, 179 AD2d 878, 879-880 [1992], lv denied 80 NY2d 757 [1992]; see also Gohar v Albany Hous. Auth., 288 AD2d 657, 658 [2001]; Finserv Computer Corp. v Bibliographic Retrieval Servs., 125 AD2d 765, 766 [1986]; Bormann v AT & T Communications, Inc., 875 F2d 399, 403 [2d Cir 1989], cert denied 493 US 924 [1989]). Thus, plaintiff’s bare allegations are “insufficient to state a cause of action to set aside the release [agreement] upon the ground that it was procured by duress” and, having not satisfied her burden, she is bound by that release agreement (Cramer v Newburgh Molded Prods., 228 AD2d 541, 542 [1996], lv denied 89 NY2d 803 [1996]).
Moreover, contracts executed under duress are, at most, voidable and not void and, by accepting and retaining the benefits of the second agreement for almost two years and not timely repudiating it, plaintiff affirmed or ratified that agreement, *973 which is binding and no longer voidable on the grounds of duress, which objections are waived (see Austin Instrument v Loral Corp., 29 NY2d 124, 130 [1971]; Foundry Capital Sarl v International Value Advisers, LLC, 96 AD3d 620, 620-621 [2012]; Philips S. Beach, LLC v ZC Specialty Ins. Co., 55 AD3d 493, 493 [2008], lv denied 12 NY3d 713 [2009]; Cappelli Enters., Inc. v F&J Cont. Food Corp., 16 AD3d 609, 610-611 [2005]; Chase Manhattan Bank v State of New York, 13 AD3d at 874; Napolitano v City of New York, 12 AD3d 194, 195 [2004]). Indeed, “[plaintiff’s argument that the release [agreement] was executed under duress is belied by the fact that [she was] paid [severance and received benefits] for [signing the release agreement] and a party cannot claim that it was compelled to execute an agreement under duress while simultaneously accepting the benefits of the agreement” (Foundry Capital Sari v International Value Advisers, LLC, 96 AD3d at 620-621). “Therefore, consistent with the public policy favoring enforcement of settlements, the release [agreement that] plaintiff signed should be enforced according to its terms, and plaintiffs claim[s] [were properly] dismissed” (Booth v 3669 Delaware, 92 NY2d at 935 [citations omitted]).
Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.

 In the release agreement, plaintiff expressly released, and agreed not to sue, Lattner and Lattner Enterprises as well as “any other . . . firms, or entities . . . liable or who might be claimed by [plaintiff] to be liable . . . with respect to any and all of [plaintiffs] causes of action, potential causes of action, suits [or] disputes . . . which in any way results from, arises out of, or pertains to [plaintiffs] employment^] alleged . . . sex [or] age . . . discrimination, [or] *971 sexual harassment ... by Lattner occurring prior to the [effective [d]ate” (emphasis added). This language clearly encompasses McDonald’s Corporation, a third-party beneficiary of the agreement (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011]; State of Cal. Pub. Employees’ Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000]), and plaintiff does not argue otherwise.