■ Joseph Neves, Appellant, v Katonah-Lewisboro School District, Respondent, et al., Defendant. [986 NYS2d 250]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered September 25, 2012, which, in part upon consent, granted the motion of the defendant Katonah-Lewisboro School District for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the plaintiff from so much of the order as granted that branch of the motion of the defendant Katonah-Lewisboro School District which was for summary judgment dismissing the second and sixth causes of action insofar as asserted against it is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The plaintiff is not aggrieved by so much of the order as granted that branch of the motion of the defendant Katonah-Lewisboro School District (hereinafter the District) which was for summary judgment dismissing the second and sixth causes of action insofar as asserted against it, because that portion of the order was made upon his consent. Accordingly, the plaintiff's appeal from that portion of the order must be dismissed (*see* CPLR 5511; *Matter of Robert Jordan G. [Robert D.]*, 97 AD3d 576, 577 [2012]).

The plaintiff attended a commercial driver's license (hereinafter CDL) certification class for school bus drivers with Connecticut licenses who were working in New York school districts. The course was taught by the defendant Frank Moore, who was employed by the District. The plaintiff was not employed by the District. The plaintiff allegedly was injured when Moore used a smoke bomb to simulate an emergency situation in which smoke was coming from the engine of the bus. The plaintiff commenced this action against Moore and the District. The second, fourth, and sixth causes of action of the complaint were asserted against the District. The second cause of action alleged that, pursuant to Vehicle and Traffic Law § 388, the District was strictly liable for Moore's conduct, the fourth cause of action alleged that the District was liable for Moore's conduct under the doctrine of respondeat superior, and the sixth cause of action alleged that the District negligently supervised Moore. The District moved for summary judgment dismissing the complaint insofar as asserted against it. In his opposition papers, the plaintiff conceded that the District could not be held liable under either Vehicle and

Traffic Law § 388 or the doctrine of respondeat superior, and the Supreme Court granted those branches of the motion which were for summary judgment dismissing the second and fourth causes of action insofar as asserted against the District upon consent.

In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the District established, prima facie, that it did not sponsor the CDL course, and that Moore was conducting the course on his own time, on a weekend, as his personal business venture. The District also established that it did not employ Moore as a driving instructor, and that the students paid Moore for the instruction. Although the evidence presented by the District established that Moore had obtained the District's permission to use District property to conduct the CDL course, the District had no knowledge of the curriculum or the methods that Moore used in conducting the class and therefore neither knew nor had reason to know of any necessity to exercise control over Moore's personal conduct outside of his employment relationship with the District (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Henry v Vann*, 71 NY2d 76, 88 [1987]; *cf. Bartoloni v Rapisarda*, 202 AD2d 463, 464 [1994]).

Under these circumstances, the District established its prima facie entitlement to judgment as a matter of law on the cause of action alleging negligent supervision (*see Fay v Assignment Am.*, 245 AD2d 783, 784 [1997]; *cf. Lombardo v Mastec N. Am., Inc.*, 68 AD3d 935, 937 [2009]; *Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563, 566 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the District's motion which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against it. Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.